STEWART, tax-collector, *v.* COLLIER.

1. A tax law general in the title and in the enacting clause thereof is not made a special law by a proviso which excepts from its operation any county which has a board for equalizing taxes under special act, there being, in fact, no county having such a board by any special act which is not void because of its conflict with the constitution.  Thus, the act of August 14, 1891, providing for a

board of equalization, and declaring that the commissioners of roads and revenues, and in case there are no such commissioners, the ordinaries of the counties of this State, shall appoint a board of equalization for said counties for all property subject to taxation in their counties, is a general act of uniform operation throughout the State, although it contains a proviso in these terms, "Provided, that the provisions of this act shall not apply to any county which has a board of equalization under special act," and although there be in two counties of the State such boards under special acts, both of which are void because in conflict with that clause of the constitution requiring all taxes to be levied and collected under general laws. There can be no presumption that the legislature intended a saving in favor of prior unconstitutional acts. Consequently, the expression, "board of equalization under special act," is to be construed as referring, not to any void act, but to a valid one, if any such exists, and there being none such in existence, the proviso goes for naught.

2. The body of the act in question contains nothing different from what is expressed in the title thereof, the words "a board of equalization" in the title being sufficient to include such a board for each county in the State, as provided for in the body of the act. December 22, 1892. *Judgment reversed.*

Before Judge MARSHALL J. CLARKE. Fulton county. November 12, 1892.

Collier presented his petition for an injunction, on the ground that the act of August 14, 1891, relative to the appointment of boards of equalization of tax returns, was unconstitutional, etc. The defendants demurred, and the cause was heard upon the demurrer. The judge held that the act was unconstitutional, and that plaintiff was entitled to the relief sought; and ordered injunction to issue. The tax-collector excepted.

The petition alleged, in brief: The act of August 14, 1891, purports to create a board of equalization, and under it the commissioners of Fulton county appointed such board. As one of the tax-payers of the county, petitioner under oath gave in his property for taxation as by law provided, giving in land in the county outside the limits of Atlanta at $81,500, and city property at $55,000, which valuations were just and fair, and

any excess above them wrongful, illegal and oppressive. Afterwards the board of equalizers assumed to review petitioner's return, and raised it upon the city property to $75,000 and upon the property outside the city to $265,000. The board has handed to the tax-receiver instructions directing him to assess and enter for taxation petitioner's property, at the increased figures mentioned, and it is the intention of the tax-receiver to enter such assessment and turn it over to the tax-collector for collection. The assessment will be a cloud on petitioner's title, and the danger of subjecting his property to levy and sale a wrong and injury, not as a tax but a mere assumption based on no valid law. The act in question is in violation of paragraph 1, section 2, article 7; paragraph 1, section 4, article 1; and paragraph 2, section 4, article 1, of the constitution, in this: The act in the first section thereof contains an exception as follows: "Provided that the provisions of this act shall not be applied to any county which has a board of equalization under a special act." At the date of the act Richmond and Chatham counties, being the counties next largest in population and taxable wealth to Fulton county, had in existence, each of them, a board of equalization under special act passed relative to said counties, and thereby were excepted out of the operation of the act of August 14, 1891, by reason of which exception that act is not uniform as required by the sections and paragraphs of the constitution above quoted, requiring such uniformity, the act of August 14, being of itself a law of a general nature and a law for the levying and collection of taxes of petitioner and other citizens. The act is also unconstitutional in this: Prior to its passage there were general constitutional laws in operation for the whole State, providing a complete system for the assessment, levy and collection of the taxes of all the people of the State, and the enact-

ment of the act of August 14, applying to a part only of the counties of the State, is the enactment of a special law in such case, and thereby violative of paragraph one, section four, article one of the constitution. Further, the creation of said board by that act affected the rights of petitioner and the tax-payers of Fulton county, and under the paragraph mentioned, the legislature is inhibited from varying the said general law without his and their consent, which has not been given. The board of equalizers is wholly unauthorized by law, and their attempt to increase the assessment of his property and that of other tax-payers is utterly void, and it is the duty of the tax-receiver to disregard it, but he refuses to do so. The prayer is, that the tax-receiver be enjoined from increasing the return, or entering it on his digest and turning it over to the tax-collector increased in the manner stated, and that the tax-collector be enjoined from collecting the increase; that the act of August 14, 1891, be adjudged unconstitutional, etc.

The demurrer was upon the grounds that there was no equity in the petition, nor any cause of action or ground for judicial interference with the proceeding.

J. M. Terrell, attorney-general, and Candler & Thomson, for plaintiff in error.

Hillyer & Lee, *contra.*