Bohler, tax-collector, *et al. v.* Verdery *et al.*

By section 839 of the code, the tax-receiver, when dissatisfied with a return made to him on oath, is required to assess the property within thirty days after the return is made. If, for any cause, he

omits to do this, he cannot do it afterwards, nor can any court for any reason confer that power upon him.

November 27, 1893.

Petition for injunction.   Before Judge Roney.   Richmond superior court.   April term, 1893.

In addition to the facts recited in the opinion, it appeared from the petition that the defendants in error, on December 14, 1891, tendered to the tax-collector the amounts due by them according to their original returns, which amounts the collector refused to accept in full payment, and, on refusal to pay the amounts computed from the assessments made by the board of assessors under the local act, issued the executions in question.   The tender was renewed by defendants in error in their petition.   The answer shows the following :   At the time the returns for taxes for 1891 were made by the petitioners to the tax-receiver, petitioners and these defendants, and the tax-receiver, acted upon the belief that the act of 1885 was legal and binding. The tax-receiver, although dissatisfied with said returns, and although in his judgment petitioners' property was returned for taxation far below its value, did not assess the same as allowed by the law, for the reason that he believed that the returns had to be passed upon by the board of assessors, and that he did not have the power to have arbitrators appointed under the provisions of the code, nor to assess the property himself, all of which was known to petitioners.   For the past eight years all the taxes in Richmond county have been collected, all the returns made, and all the questions as to assessment and valuation of property have been settled, according to the provisions of the act in question, and during that period petitioners made returns which had been examined and the valuation increased by the board of assessors, and petitioners paid taxes upon such increased valuation without objection.   During these years the

tax-receivers did not exercise the power conferred by law, of objecting to returns or valuation of property; but the board of assessors were acquiesced in by the citizens generally, by the comptroller-general of the State, and by the officers and agents of the law charged with the duty of receiving returns and collecting taxes; and but for this act the receiver would have objected to the returns as valuing the property of petitioners too low, and would have insisted upon the appointment of arbitrators according to sections 840, 923(c) of the code. The tax-receiver thus acted under an honest mistake of the law, which operates as a gross injustice to him and the tax-collector, and to other tax-payers who have paid their taxes under the operation of the act of 1885; and such mistake would give petitioners an unconscientious advantage if, in consequence of the facts, they are relieved from the operation of the act, and also from the law authorizing the appointment of arbitrators where the receiver is dissatisfied with the returns. Inasmuch as petitioners seek equity, they should be required to do equity, and have their returns, so objected to by the receiver, submitted to arbitrators as provided by the code. Respondents set forth certain amounts as to the fair taxable value of the property returned by the petitioners, which amounts are in excess of those set forth in the original returns; and pray that petitioners be required to submit their returns to three disinterested persons, under section 840 of the code, and be required to pay their taxes for 1891 upon the assessment to be made by such arbitrators.

J. R. LAMAR and C. H. COHEN, for plaintiffs in error.

E. F. VERDERY, J. C. C. BLACK, J. B. CUMMING and BRYAN CUMMING, *contra*.

SIMMONS, Justice.

The defendants in error made returns of their property for State and county taxation for the year 1891 to

the tax-receiver of Richmond county, and he accepted the returns without objection. Afterwards a board of assessors, under an act of the legislature approved October 15th, 1885, entitled "an act to provide a board of assessors of real and personal property subject to taxation for the county of Richmond, and for other purposes" (Acts 1884–5, p. 449), assessed the property of the defendants in error, and increased the valuation beyond that given in the returns. Executions for taxes based on these assessments were issued, and the defendants in error filed their petition to enjoin the tax-collector and the sheriff from further proceeding to enforce the executions, upon the ground that the act referred to was repugnant to that clause of the constitution which forbids special legislation in any case for which provision has been made by an existing general law. (Code, §5027.) An answer was filed by the tax-collector and the sheriff, the substance of which is stated in the report which precedes this opinion; and the tax-receiver filed a petition to be made a party defendant, adopting this answer as his own and consenting that the case be heard *instanter.* The invalidity of the act was conceded, and may now be regarded as settled, under the decision of this court in the case of *Stewart, tax-collector,* v. *Collier,* 91 *Ga.* 117. It was claimed, however, that the tax-receiver acted under a mistake of law; that he was dissatisfied with the returns, and but for his belief that the returns had to be passed upon by the board of assessors under the act in question, he would have assessed the property himself and would have insisted upon the appointment of arbitrators according to section 840 of the code. The respondents prayed that the petitioners be required to do equity and to submit their returns to three disinterested persons, under the provisions of the section referred to, who should fix an assessment upon the property, and that the petitioners be

required to pay a tax for the year 1891 upon the assessment so made. The court refused the prayer of the tax-receiver to be made a party, a demurrer to the answer was sustained, and an injunction against the enforcement of the executions was granted.

The authority of the tax-receiver to assess property where a return has been made is derived from section 839 of the code, and is limited to the time prescribed in that section. The language of the section is as follows: "Each return shall be scrutinized carefully by the tax-receiver, and if, in his judgment, he shall find the property embraced in the return, or any portion of it, returned below its value, he shall assess the value at once or within thirty days thereafter." The courts cannot enlarge or extend the scope of the statute by granting further time if the tax-receiver fails to act within the time prescribed; nor can they, at his instance, require the tax-payer to submit to an assessment by arbitrators, under section 840 of the code. Certainly the fact that the tax-receiver believed or relied upon the belief of others that an invalid local statute was valid and superseded the law above referred to, so far as the particular county was concerned, and that his failure to act was due to this cause, could not give the court any power in the matter. The principles which authorize · a court of equity to relieve against mistake have no application to the case. The tax-receiver is bound to know the law regulating his official duty; and for his error of judgment in reference thereto, no responsibility can attach to the tax-payer. (Code, §§3121, 3122, 2636. And see 15 Am. & Eng. Enc. of Law, " Mistake," p. 634 et.seq.) Moreover, mistake implies action, and here there was no action at all. See *Culbreath* v. *Culbreath*, 7 *Ga.* 70; also *Adams* v. *Guerard*, 29 *Ga.* 673, where it is said: " Those mistakes from which relief has been granted were mistakes which occurred in doing something, not in doing

.nothing; they were mistakes of action, not of mere in-action. When one has contracted or acted on a false assumption of fact or of law, equity may relieve him from the effects of the action, and will not begin to count time against him until the discovery of the mistake; but where he has simply lain still, under a mistaken assumption of either fact or law, without having ever acted at all, it is not a question when time will begin to be counted against his relief, but it is a case where no relief will be granted at any time from the effects of his inaction."

The court was clearly right in granting the injunction, as well as in the other rulings complained of.

*Judgment affirmed.*