*C. A. Christian* and *R. 'A. Hendricks,* contra.

---

## DOUGLAS *v.* FORRESTER, tax-collector.

ATKINSON, J. 1. It is provided in the Civil Code, § 6158: "If the judge shall determine that the bill of exceptions is not true, or does not contain all the necessary facts, he shall return the same, within ten days, to the party or his attorney, with his objections to the same in writing. If those objections are met and removed, the judge may then certify, specifying in his certificate the cause of the delay. If the judge sees proper, he may order notice to the opposite party of the fact and time of tendering the exceptions, and may hear evidence as to the truth thereof." A petition for injunction and other equitable relief was dismissed on general demurrer on April 3, and a bill of exceptions assigning error on such judgment was tendered to the judge on April 4. The judge did not sign the writ of error, but directed counsel for plaintiff to submit the bill of exceptions to opposing counsel. The direction was complied with, and on April 7 opposing counsel submitted to the court certain written objections to the bill of exceptions. Counsel for both parties appeared before the court at chambers on April 14, to consider the matter. No agreement could be made, and the court took the bill of exceptions to further consider whether he should sign it. On April 21 the judge returned the bill of exceptions to the plaintiff's counsel, with certain objections written thereon. The bill of exceptions was then so corrected by counsel as to conform to the requirements made by the judge, and on April 22 it was sent by registered mail to the judge. The judge certified the bill of exceptions thus corrected on May 14. In his certificate he stated all that is set out above; and further, that the "bill of exceptions was not received by the court in due course of mail; this through no fault of plaintiff." *Held,* that the writ of error will not be dismissed on the ground that the bill of exceptions was not corrected within a reasonable time.

2. By the Civil Code, § 1097, the tax-receiver, when dissatisfied with a return made to him on oath, is required to assess the property within thirty days after the return is made. If for any cause he omits to do this, he can not do it afterwards, nor can any court confer that power on him. *Bohler* v. *Verdery,* 92 *Ga.* 715 (19 S. E. 36).

(*a*) Consequently, where one filed a petition for injunction to prevent the enforcement of certain tax fi. fas. against him, alleging that during a series of years he had duly returned all of his taxable property, that these returns had been received, that he had made payments of all the taxes during those years, being duly receipted therefor, and that sub-

sequently the tax-receiver went through the form of making assessments for the years above mentioned, after having given the petitioner written notice to make corrected returns, and on the basis of such assessments issued the fi. fas. sought to be enjoined, the petition should not have been dismissed on general demurrer.

(b) The allegation that the plaintiff had "returned his taxable property as required by law," is construed, as against a general demurrer, to mean that the plaintiff had returned all of his taxable property.

*Judgment reversed. All the Justices concur, except Gilbert, J., absent on account of sickness.*

No. 1455.　FEBRUARY 28, 1920.

Equitable petition. Before Judge Smith. DeKalb superior court.　March 3, 1919.

*J. B. Stewart* and *Lee Douglas,* for plaintiff.

*Green, Tilson & McKinney,* for defendant.