## DOUGLAS *v.* McCURDY, sheriff, *et al.*

1. At the June term, 1920, of DeKalb superior court an order was taken setting the hearing of the special demurrer to the petition in this case before the judge in vacation on July 10, 1920; at which time said hearing took place, and the rulings complained of by the plaintiff in his exceptions pendente lite were made. These exceptions were certified on August 14, 1920. A motion was made to dismiss them, on the ground that they were not certified within thirty days from the date of the rulings complained of. *Held*, that the effect of said order, setting the hearing of the demurrer in vacation, was to keep the term of the court, at which it was passed, open *quoad* this case, until the demurrer was heard (*Herz* v. *Frank*, 104 *Ga.* 638, 30 S. E. 797); and, the presumption being that the term came to an end when the demurrer was disposed of, the plaintiff had sixty days from July 10, 1920, in which to have his exceptions pendente lite certified. Civil Code (1910), § 6154. So the motion to dismiss them is overruled.

2. The court did not err in any of its rulings upon the special demurrer of the defendants to the petition of the plaintiff.

3. The court did not err in its rulings upon the demurrer of the plaintiff to the plea of the defendants, and upon the motion of the former to strike the same, upon any of the grounds of said demurrer and motion, for any of the reasons assigned in plaintiff's exceptions pendente lite to said rulings.

4. The court did not err in sustaining the demurrer of the defendants to the amendment of the plaintiff to his petition.

5. The court did not err in admitting in evidence the notice given by the tax-receiver and tax-collector, notifying the plaintiff that he had not made a true return of his property for the years named, and requiring him to make a corrected return of his personal property for said years, on the ground that said notice was signed by attorneys for said offi-cers; there being no contention that said attorneys were not in fact the attorneys of said officers and authorized to give said notice, and it being stated in the body of the notice that these attorneys were acting, in giving this notice, as attorneys for said officers. *Rawlings* v. *Robson*, 70 *Ga.* 595.

6. In the second, third, fourth, and fifth grounds of the amendment to plaintiff's motion for new trial it is complained that the court erred in admitting in evidence, over the objection of the plaintiff, various documents which are not set out in these grounds, nor is the substance thereof stated therein; and for failure to set these documents out or to state their substance in these grounds, no questions are presented for consideration and decision by this court.

7. In the ninth ground of his amendment to his motion for new trial plaintiff alleges that "the court . . erred in its charge as to ques-tion two, which reads as follows: 'Did E. L. Douglas return to the tax-collector of DeKalb all money, notes, accounts, and other evidence of debt, at a fair market value, which were owned or possessed by him on the day fixed by law for return of property for taxation for each of the following years: 1909, 1910, 1911, 1912, and 1913?'" Plaintiff insists that "the above charge was incorrect and the question improper, . . for the reason the question did not cover and the answer thereto did not cover the issue in the case," which "was whether or not the returns of the plaintiff covered all of his property for the years in question;" and that "the question was submitted to the jury as to the tax returns having been made to the 'tax-collector' when there was no contention that plaintiff had ever or should have ever made returns to the tax-collector, but to the tax-receiver." *Held:* (*a*) That this question fairly submitted to the jury the real issue in the case, which would be answered by the jury so as to cover that issue. (*b*) That the mere slip of the tongue in the use of the word "tax-collector," instead of the word "tax-receiver," will not necessitate the grant of a new trial, as the use of said word was not calculated to mislead the jury, there being no contention that the plaintiff had, or ought to have, made returns to the tax-collector. *Southern Ry. Co.* v. *Merritt*, 120 *Ga.* 409 (47 S. E. 908); *Lothridge* v. *Varnadore*, 140 *Ga.* 131 (78 S. E. 721).

8. Where a taxpayer is in default in returning certain species of property for taxation, either in whole or part, for years past, and the tax-collector thereafter makes in writing assessments thereof, which are of file in his office, and the taxpayer files a bill to enjoin the collection of such as-sessments, on the ground that he has returned all of his property for said years and has paid all taxes due by him thereon, *Held:* (*a*) The failure of the officer to enter such assessment on the tax digest prepared by the tax-receiver would not relieve the taxpayer from his liability for such taxes; and, having come into equity seeking relief, he must

pay whatever amount of tax which he may lawfully owe under said assessments. (*b*) There is nothing in conflict with this ruling in *Equitable B. & L. Asso.* v. *State*, 115 *Ga.* 746 (42 S. E. 87), where it was held that to render a tax fi. fa. valid it must recite the necessary jurisdictional facts; there being in the present case no attack upon the validity of the tax fi. fas. for this reason, but an attack solely upon the legality of the tax assessments for the years in which the taxpayer was in default. (*c*) Furthermore, it appears that these assessments were entered upon a book denominated "Not On Digest," and such entry is a sufficient compliance with the law requiring that officer to make a schedule of defaulters. Civil Code (1910), § 1127.

9. The fact that the taxpayer had removed out of the county before such assessments had been made did not deprive the officer of jurisdiction to make them.

10. When notice was given to the taxpayer requiring him to make returns of his property for the years in which he was in default, and where he failed to make such returns, and where the tax-collector made assessments of his property which he had failed to return in former years, of which the taxpayer was given notice and the right to arbitrate such assessments, he was awarded due process of law. *Shewmake Co.* v. *Dominy*, 147 *Ga.* 577 (94 S. E. 999).

11. The plaintiff excepts to the following charge of the court, to wit: " I further charge you, gentlemen, that if Mr. Douglas owned any of these notes in question, and had the legal title to such notes, and had control of them, although he may have parted with the beneficial interest in such notes, he still would be bound to return them for taxation as the agent or trustee for the person or persons owning the beneficial interest." The only error assigned is that " the court erred in said charge, for the reason that there is no law requiring a party to give in taxes as agent or trustee for another, and be bound for them in his individual capacity." The oath of the taxpayer is in part as follows: " I further swear that I returned, for the purpose of being taxed thereon, every species of property that I own in my own right, or have control of, either as agent, executor, administrator, or otherwise." Civil Code (1910), § 1091. Clearly this section contemplates that the taxpayer must return every species of property which he controls as agent or trustee. All persons who give in property for non-residents are personally liable for the taxes. Civil Code (1910), § 1112. But the court did not here charge the jury that the plaintiff would be personally liable for the taxes due on property which he controlled as agent or trustee only; but instructed them only as to the duty of the agent or trustee to make returns of such property for taxation. As the court in its charge fully instructed the jury that the plaintiff would only be liable for taxes on notes which he owned and to which he had the legal title, the plaintiff was not hurt by the instruction complained of for the reason assigned.

12. When the owner, in returning his property of a given class for taxation, falsely and fraudulently returns less thereof than he actually owns of that class, he will be deemed a defaulter as to such part of his property as is not embraced in his return; and it is the duty of the

tax-receiver and tax-collector to receive the returns and collect the taxes thereon for former years; and upon the failure of the owner to make such returns after notice, the tax-receiver and tax-collector shall assess such property according to the laws in force at the time such returns should have been made, and collect such taxes for former years.

13. The plaintiff caused to be certified certain exceptions pendente lite to the decree rendered in this cause, wherein he " excepts to the decree, in that the same is insisted upon as error, and plaintiff contends that the making of said decree is error: (a) The same is not according to the verdict and in conformity thereto. (b) There is . . error in reducing the amounts of each and all of the said fi. fas. (c) There is . . error in not rendering the said decree in his favor by decreeing each and all of the said fi. fas. void and ordering the same delivered up for cancellation. . . (d) . . there is error in taxing him with 1/2 of the costs, and that the entire costs ought to be taxed against the defendants." Held, that the said objections to the decree are without merit.

14. The verdict is sustained by the evidence; and none of the other assignments of error require the grant of a new trial.

No. 3127. JANUARY 23, 1923.

Equitable petition. Before Judge Hutcheson. DeKalb superior court. January 21, 1922.

*J. B. Stewart, J. V. Poole,* and *E. L. Douglas,* for plaintiff.

*J. Howell Green,* for defendants.

HINES, J. None of the rulings in the headnotes require any elaboration, except that set out in the 12th headnote. It is strenuously urged, that, as plaintiff made returns purporting to include all his money, notes, and accounts for the years 1910, 1911, 1912, and 1913, which were received by the tax-receiver without protest, and paid the taxes due on this species of property on the basis of the amount embraced in these returns, except for the year 1913, which he tendered, he can not be required to pay additional taxes, although such returns did not embrace all his property of this class, it being, under such circumstances, a matter of undervaluation and not one of omission, when it is afterwards discovered that such returns were false and fraudulent. When the owner omits to make returns for the years in which such returns should have been made, he is required to do so for each year in which he is delinquent. Civil Code (1910), § 1055. When the omitted property is of that character which should have been returned to the tax-receiver of the county, this officer should notify in writing such delinquent, requiring that he shall make a return

thereof within twenty days. § 1057. Receivers and collectors are required to receive the returns and to collect the taxes thereon for former years, when any person is in default. § 1113. If a person fails to make a return, in whole or in part, or fails to affix a value to his property, it is the duty of the receiver to make the valuation and assess the taxation thereon, and in all other respects to make the return for the defaulting person from the best information he can obtain. § 1105. It is clear from these code sections that the owner of property, when in default, can be made to pay taxes for former years.

Now, when is the owner of property a defaulter in regard to returns of it for taxation? Must he wholly omit to make any return, to be a defaulter? If he returns some property and fails to return other property, is he a defaulter *pro tanto?* If he makes a false and fraudulent return, which does not embrace all of his property of a given class, is he a defaulter? If property, embraced in a return made by the owner for taxation, in the judgment of the receiver is returned below its value, he shall assess the value at once or in thirty days. Civil Code (1910), § 1097. If he does not make such assessment at once, or within thirty days after notice to the taxpayer (§ 1098), he can not do so afterwards. *Bohler* v. *Verdery,* 92 *Ga.* 715 (19 S. E. 36) ; *Douglas* v. *Forrester,* 150 *Ga.* 57 (102 S. E. 347). These sections apply when the owner makes a return embracing all his property, but where it is returned below its value. But if the owner fails to make a return, in whole or in part, that is, if he omits to embrace in his return all of his property or all of a given class, it is the duty of the receiver to assess what is omitted, according to law in force at the time when he should have made his return, and collect the taxes due on the omitted property for former years. This is true although the return of the taxpayer purports on its face to embrace all of his property. If the taxpayer has $10,000 in money, and returns only $500 as all his money, he is a tax-defaulter as to $9,500; and when knowledge of the fact that the owner had the larger sum comes to the tax-receiver and tax-collector, it would be their duty to assess the same. So, if the owner of notes of the market value of $15,000 returns his notes for taxation in the amount of $1000, he is a defaulter as to $14,000 of his notes. This would not be a case of undervaluation of these instruments, but would amount to an

omission to return all of his notes. For instance, the taxpayer is required to state how much money he has on hand, and to give the gross value of his notes, accounts, or other obligations for money, and the market value thereof. Civil Code (1910), § 1087. If the owner of notes of the gross value of $20,000 should return them at their gross value and at the market value of $5000, if these constituted all his notes, the tax-receiver should, if in his judgment these notes were returned below their value, assess their value at once, or within thirty days, in the latter case giving the taxpayer notice of his assessment. That would present a case of undervaluation. But if the owner of notes of the gross and market value of $20,000 should return $5000 of notes, that would present a case of omission to return his property, and not a case of undervaluation. " The requirement of candor in disclosing the ownership of property is really at the foundation of our tax system. So long as a citizen complies with that requirement, he is afforded every opportunity to dispute with the State the question of the value of his property, and the amount of tax to be levied thereon. When he fails to return in whole or in part, fraudulently or through honest mistake, he then and there becomes a defaulter." *Georgia Railroad &c. Co. v. Wright,* 124 *Ga.* 596, 617 (53 S. E. 251). When there is omission to return, the taxpayer is a defaulter. So we are of the opinion that when the owner of money, notes, and accounts returns them in a lump sum, without disclosing their face or gross value, at a valuation far below their market value, he is a defaulter; and he can not claim, under these circumstances, exemption from having this species of property assessed by the tax-collector for taxation, when the true situation is discovered, on the theory that he had returned his money, notes, and accounts at a given sum; that it was the duty of the tax-receiver to reject his return, if this officer was dissatisfied with the valuation indicated by such return; and that when that officer failed to reject his return and when he paid his taxes for the years in which he made returns, he was not subject to further assessments for taxation upon this species of property.

When this case was here on demurrer (150 *Ga.* 57), this court construed " the allegation that the plaintiff had returned his taxable property as required by law, . . as against a general demurrer, to mean that the plaintiff had returned all his taxable

property;" and thus in effect held that, if the plaintiff had not returned all 'his taxable property, he was a defaulter in part at least.        *Judgment affirmed. All the Justices concur.*