## MANCIL *et al.* v. CITY OF PEARSON *et al.*

Under section 20 of an act entitled "An act to incorporate the City of Pearson," etc., approved August 18, 1916 (Acts 1916, p. 852), it was not competent for the council of the City of Pearson for the year 1923 to appoint a board of tax-equalizers for the year 1922. The creation of the board of equalizers for 1922 being invalid, the court should have enjoined the board, upon the prayers of the taxpayers, from revising or raising the tax values of the taxpayers as set forth in their tax returns for the year 1922; and it was error to refuse an injunction.

No. 4210. MAY 6, 1924.

Petition for injunction. Before Judge Dickerson. Atkinson superior court. January 19, 1924.

*Levi O'Steen,* for plaintiffs. *J. N. McDonald,* for defendants.

BECK, P. J. H. Mancil Jr. and others, as citizens and taxpayers of the City of Pearson, Georgia, filed, on September 17, 1923, their equitable petition against City of Pearson and T. J. Sweat and others, members of the council for the year 1923, and against W. J. Tyler and others acting as tax-equalizers or assessors for the city for the year 1922. It was alleged, that in the year 1922 the plaintiffs made proper returns of all their property subject to taxation in the city for that year, on blank forms furnished by the city, and within the time prescribed filed the same with the officers designated to receive them; that the city government for the year 1922 undertook to designate and appoint three different freeholders of the city to act for the city as tax-equalizers for that year, whose duties would be to equalize the tax-returns of the taxpayers of the city for the year 1922, and to double tax the defaulters; that the city, in making its selection and appointment of equalizers to act for it for the year 1922, selected and appointed two of its council on the board; that the appointment was void, and their official acts were likewise void; that the so-called board of equalizers entered upon their official duties and raised the valuations of the property of the plaintiffs, who refused to pay the taxes demanded of them on the increased valuations, and executions were issued against them for the taxes claimed to be due the city

based on said increased valuations, which executions were levied upon their property in the spring of 1923; that they filed a suit against the city and the board of equalizers, praying that they be enjoined from further proceeding to collect said executions and that they be quashed, which resulted in their prayers being granted; and that this judgment and decision was never appealed, and remained unreversed. In the present proceeding the plaintiffs made a continuous tender of their respective taxes due the city, based upon the returns they made of their respective properties, which were accepted by the city on June 25, 1923, after the injunction proceeding had been disposed of. On August 14, 1923, the mayor and council of the city designated and appointed three other persons as a board of equalizers for the city to act for the year 1922. These equalizers, on August 31, 1923, took charge of the returns of the plaintiffs, and proceeded to raise the valuations of the properties embraced in said returns for the year 1922.

To the petition in this case the defendants filed their answer. Upon the hearing the judge refused an injunction, and the petitioners excepted.

We are of the opinion that the court erred in refusing an injunction. The appointment, on August 14, 1923, of the board of equalizers for the year 1922, consisting of the defendants named, was without authority on the part of the city council. The appointment of this board of equalizers was made under the circumstances alleged in the petition. The enforcement of the executions issued upon the basis of the increased valuations made by the board of equalizers in 1922 for that year had been enjoined on the ground that the appointment of the board of equalizers for that year was void for the reasons stated in the petition, and the judgment and decree thus enjoining them had never been reversed or set aside. No steps were taken until August 14, 1923, to have a new assessment of the property of the petitioners for the year 1922. On the day last named the mayor and council of the City of Pearson designated and appointed three other persons as the board of equalizers of said city, "to act for the year 1922," and on August 31, 1923, these equalizers did take charge of the returns of the plaintiffs and proceeded to raise the valuation of the property embraced in said returns for the year 1922.

Section 20 of an act entitled "An act to incorporate the City

of Pearson," etc., approved August. 18, 1916 (Acts 1916, p. 852), provides that "said city council shall prescribe the time, manner in which, and the officer to whom all property, occupations, etc., shall be returned for taxation by the taxpayers of said city; it shall be the duty of such officer, when the time has expired in each year for the making of returns of property for taxation, to place the returns so made, together with a list of all defaulters as nearly as possible, with said city council, who shall provide a board of equalizers, composed of three discreet and competent freehold-ers of said city, and said board of equalizers shall receive said tax-returns and list of defaulters and proceed to equalize said tax-returns and to double tax the defaulters; it shall be the further duty of said board of equalizers, when in doubt as to the proper valuation to be placed upon any specific item of property, to ac-tually view the same so as to enable them to make a just assess-ment of said property; it shall be the further duty of said board of equalizers, when it shall raise the valuation placed on his prop-erty by the taxpayer, to give said taxpayer ten days' notice in writing of such raised valuation and of the time and place of hear-ing objections, if any he desires to make thereto; and said tax-payer, if dissatisfied with the assessment made by said board of equalizers, shall have the right to have the same reviewed by the said city council under such rules and regulations as said city council may prescribe. The judgment of said city council shall be a final adjudication of said return." This section of the act relating to the creation of the board of tax-equalizers contemplates the appointment each year by the duly elected council for that year of a board of equalizers composed of three freeholders of the city; and it is made the duty of the board thus appointed each year to equalize the tax-returns, and, "when it shall raise the val-uation placed on his property by the taxpayer, to give said tax-payer ten days' notice in writing of such raised valuation and of the time and place of hearing objections, if any he desires to make thereto." The city council for the year 1922 failed to create a board in accordance with the provisions of this act. There was an attempt to appoint a board, but it was abortive, because the appointment of the board named for 1922 was void; that is, it was adjudged to be void, and this judgment was never appealed, re-versed, or set aside. We do not think there could be two boards

of equalizers at the same time. There was a board of equalizers for 1923, duly appointed, we assume. We do not think that it would have been competent for the council for 1923 to have appointed a board of equalizers for the year 1922 under any circumstances. At the time of the appointment, on August 14, 1923, of the board of equalizers for 1922 the city council, at a regular meeting, adopted a resolution reciting the fact that the council during the year 1922 had made an ineffectual effort to create a board of equalizers for the purpose of having them receive the tax-returns of the city, equalize the taxes, etc., but that inasmuch as the board thus appointed for the year 1922 by the city council for that year was void, and "the city was left without a board of equalizers for the year 1922, and without any equalization having been made or perfected on the tax returns made to the city," etc., it was "ordained by the mayor and council of the City of Pearson" that W. J. Tyler, H. L. Lankford, and W. M. Smith be designated and appointed as the board of equalizers for the City of Pearson for the year 1922, to exercise the powers and duties, etc. In this resolution or ordinance provision was also made for appeal, as contemplated in the section of the act of August 18, 1916, above quoted.

This resolution or ordinance, the material parts of which we have set forth above, it is urged by counsel for the defendants, was a curative act, and analogous to a curative act passed by the legislature, and as such should be upheld. If there had been irregularities in the acts of the board of equalizers for the year 1922,— the failure upon their part to strictly comply with the law in regard to giving notice, etc., some curative act which merely went to the removal of obstacles in the way of collecting the tax brought about by the irregularities might possibly have been passed by the legislative body of the city. But the creation of the board of equalizers for the year 1922 was void, and the purpose of this so-called curative act or ordinance was to create a new board of equalizers for the year 1922; not a board to complete the action of a board legally appointed for 1922, but a new board created in 1923, after more than half the year 1923 had elapsed, to initiate and to perform in its entirety the work which would have devolved upon a properly appointed board for the year 1922. We do not think this could be done. The board of equalizers for the year

1922 had to be appointed by the council of that year. The authority of that act was vested in them, and not in the council for 1923. "Except where otherwise provided, municipal assessments are usually made every year, it generally being provided that the assessment shall be made or completed on or before a certain day, assessments made thereafter being invalid. . . Generally a new assessment must be made each year." 28 Cyc. 1697. From the statement of facts made by the court in the case of *Bohler* v. *Verdery,* 92 *Ga.* 715 (19 S. E. 36), it appears that the defendants in error made returns of their property for State and county taxation for the year 1891 to the tax-receiver of Richmond county, and he accepted the returns without objection. Afterwards a board of assessors, under an act of the legislature approved October 15, 1885, entitled "an act to provide a board of assessors of real and personal property subject to taxation for the County of Richmond, and for other purposes" (Acts 1884-5, p. 449), assessed the property of the defendants in error, and increased the valuation beyond that given in the return. Executions for taxes based on these assessments were issued; and the defendants in error filed their petition to enjoin the tax-collector and the sheriff from further proceeding to enforce the executions, upon the ground that the act referred to was repugnant to that clause of the constitution which forbids special legislation in any case for which provision has been made by an existing general law. The tax-receiver filed a petition to be made a party defendant, adopting the answer filed by the tax-collector and sheriff as his own, and consenting that the case be heard instanter. And this court in that case held: "The invalidity of the act was conceded, and may now be regarded as settled, under the decision of this court in the case of *Stewart, tax-collector,* v. *Collier,* 91 *Ga.* 117. It was claimed, however, that the tax-receiver acted under a mistake of law; that he was dissatisfied with the returns, and but for his belief that the returns had to be passed upon by the board of assessors under the act in question, he would have insisted upon the appointment of arbitrators according to section 840 of the Code. The respondents prayed that the petitioners be required to do equity and to submit their returns to three disinterested persons, under the provisions of the section referred to, who should fix an assessment upon the property, and that the petitioners be required to pay a tax for

the year 1891 upon the assessment so made. The court refused the prayer of the tax-receiver to be made a party, a demurrer to the answer was sustained, and an injunction against the enforcement of the executions was granted. The authority of the tax-receiver to assess property where a return has been made is derived from section 839 of the Code, and is limited to the time prescribed in that section. The language of the section is as follows: 'Each return shall be scrutinized carefully by the tax-receiver, and if, in his judgment, he shall find the property embraced in the return, or any portion of it, returned below its value, he shall assess the value at once or within thirty days thereafter.' The courts cannot enlarge or extend the scope of the statute by granting further time if the tax-receiver fails to act within the time prescribed; nor can they, at his instance, require the taxpayer to submit to an assessment by arbitrators, under section 840 of the Code. Certainly the fact that the tax-receiver believed or relied upon the belief of others that an invalid local statute was valid and superseded the law above referred to, so far as the particular county was concerned, and that his failure to act was due to this cause, could not give the court any power in the matter."

Counsel for defendants in this case urge, as authority for the ruling made by the court, the case of *DuBignon* v. *Brunswick,* 106 *Ga.* 317 (32 S. E. 102). In that case it was ruled: "The clerk of the city council of Brunswick has authority to issue executions for municipal taxes due the city on assessments regularly made for previous years, where there has been a failure on the part of the clerk to issue such executions during the years for which the assessments were made." We do not think the principle there ruled is applicable to the controlling issue in the present case. The injunction sought by the petitioners against the board to restrain it from revising or raising the tax values of the property of the petitioners should have been granted, and it was error to refuse the same. *Judgment reversed. All the Justices concur.*