## GARR *et al. v.* E. W. BANKS COMPANY *et al.*

HAWKINS, Justice. 1. "The right of taxation is a sovereign right—inalienable, indestructible—is the life of the State, and rightfully belongs to the people in all Republican governments, and neither the General Assembly, nor any, nor all other departments of the Government established by this Constitution, shall ever have the authority to irrevocably give, grant, limit, or restrain this right; and all laws, grants, contracts, and all other acts, whatsoever, by said government, or any department thereof, to affect any of these purposes, shall be, and are hereby, declared to be null and void, for every purpose whatsoever; and said right of taxation shall always be under the complete control of, and revocable by, the State, notwithstanding any gift, grant or contract, whatsoever, by the General Assembly. The power to tax corporations and corporate property, shall not be surrendered or suspended by any contract, or grant to which the State shall be a party." Article 7, section 1, paragraph 1, Constitution of Georgia (Code, Ann., § 2-5401).

2. Code § 92-102 provides: "For the purposes of taxation, 'personal property' shall be construed to include goods, chattels, moneys, credits and effects, whatsoever they may be; . . money due on open account or evidenced by notes, contracts, bonds, or other obligations, secured or unsecured"; and by Code § 92-202 it is provided: "All laws exempting property from taxation other than property enumerated in article VII, section II of the Constitution [of 1877, now article VII, section I, paragraph IV of the Constitution of 1945, Code § 2-5404] shall be void."

3. Under the principles announced by this court in *Douglas* v. *McCurdy,* 154 *Ga.* 814 (115 S. E. 658), and *Hardin* v. *Reynolds,* 189 *Ga.* 534, 543 (6 S. E. 2d, 328), if a taxpayer has a stock of goods and inventory of the value of $40,000, and returns only $10,000, he is a defaulter as to $30,000; and if he has notes and accounts receivable which have a value, and returns none, he is a defaulter as to such property.

4. Under Code (Ann.) § 92-6901 et seq., boards of county tax assessors are charged with the duty and responsibility to seek out all unreturned taxable property in the county; to receive and inspect the tax returns laid before them by the tax receiver; to examine all returns of both real and personal property of each taxpayer; and, where such taxpayer has omitted from his returns any property that should have been returned or has failed to return any of his property at a just and fair valuation, to correct such returns and assess and fix the just and fair valuation to be placed thereon; to see that all taxable property within the county is assessed and returned at its just and fair valuation, and that valuations as between the individual taxpayers are fairly and justly equalized; to diligently investigate and inquire into the property owned in the county for the purpose of ascertaining what property, real and personal, is subject to taxation, and to require its proper return for taxation; and, where for any reason all taxes due to the State or county have not been paid in full as required by law, to assess against the owner, if known, and the property, if the owner is not known, the full amount of taxes which have accrued and which may not have been

paid *at any time within the statute of limitations;* it being the specifically declared purpose of the law creating the board of county tax assessors to confer upon the said board full power and authority necessary to ascertain the value for taxation of any property, real or personal, not appearing in the digest of any year *within the period of the statute of limitations;* and to have placed upon the digest an assessment or a valuation of all property in the county of every character which is subject to taxation and for which either the State or county taxes may not have been paid in full.

5. Code (Ann. Supp.) § 92-6917, which requires the county boards of tax assessors to complete their revision and assessment of the returns of taxpayers in the respective counties by June 1 of each year, and which contains no provision prohibiting the boards from performing the duties imposed upon them after that time, is designed to promote method, system, uniformity, and dispatch of their work and that of the tax receiver so that a complete digest may be submitted to the State Revenue Commissioner for examination and approval, and is directory only. *Cooper* v. *Lunsford,* 203 *Ga.* 166, 172 (45 S. E. 2d, 395); Younker Bros. *v.* Zirbel, 234 Iowa 269 (12 N. W. 2d, 219, 151 A.L.R. 242). The provisions of this Code section do not deprive the boards of any and all power and authority, or render them impotent to perform their duties after June 1.

6. The contention of counsel for the plaintiffs, that the exclusive method of assessing unreturned property after June 1 is for the tax receiver or tax commissioner to make such assessments under the provisions of Code § 92-6701 et seq., is without merit. The act of 1943 (Ga. L. 1943, p. 243, Code, Ann. Supp., § 92-6705) provides: "In all cases where additional or deficiency assessments are made, or have heretofore been made, by county tax receivers or tax commissioners as provided in this Chapter, such assessments or additional assessments shall be presented to the board of tax assessors of the county wherein such assessment is made, and such board of tax assessors shall by majority thereof determine, amend or disapprove such assessments in writing. All provisions of the law as to giving notice of assessments, arbitration and subsequent procedure, applicable to other assessments of valuation by the board of tax assessors shall apply to the assessments by the board of tax assessors herein provided for." If the county boards of tax assessors should be without jurisdiction or authority to make assessments after June 1 in each year, because of the provisions of Code (Ann. Supp.) § 92-6917, supra, they would likewise be without jurisdiction or authority to function under this provision of the Code.

7. The taxpayers, seeking to enjoin assessments and valuations of unreturned "notes and accounts receivable," and "stock of goods and inventory" made against them by the county board of tax assessors subsequently to June 1, having by an amendment abandoned the allegation of discrimination as contained in the original petition, the allegations with respect to the small amount of similar property shown by the tax digest of the county, and the percentage of total taxes of the county which would be paid by these particular taxpayers if the assessments attacked are permitted to stand, are insufficient to show a failure on the part of the board to equalize taxes, or an arbitrary valuation by

the board, there being no allegation in the petition that either of the plaintiffs did not own the properties upon which the assessments were based, or that they were not of the value shown by the assessments, or that they were not subject to taxation, or that the taxes had already been paid thereon. See, in this connection, *Hardin* v. *Reynolds,* 189 *Ga.* 534, 537, 545 (supra); *Georgia Railroad &c. Co.* v. *Wright,* 125 *Ga.* 589 (54 S. E. 52)

8. While Code § 110-501 provides that "A judgment of a court of competent jurisdiction shall be conclusive between the same parties and their privies as to all matters put in issue, or which under the rules of law might have been put in issue in the cause wherein the judgment was rendered, until such judgment shall be reversed or set aside," the allegation of the present petition that the invalidity of the assessments involved in this case was adjudicated by an unreversed judgment of the superior court, entered in another case between the same parties, wherein the defendants were restrained from enforcing certain assessments made on October 17, 1949, shows no adjudication as to the validity of the present assessments, which were not issued until November 9, 1949, after the disposition of the case referred to, and which could not have been involved in or affected by the judgment there rendered.

9. Applying the foregoing principles to the petition in this case, which sought to enjoin the assessments and valuations therein described, made by the board of tax assessors against the plaintiffs after June 1, upon the grounds, that such board was without jurisdiction or authority to make such assessments after June 1, that the invalidity of the assessments had previously been adjudicated in another proceeding between the same parties, and that the board arbitrarily fixed the value in such assessments and failed to equalize the taxes of the plaintiffs with other taxpayers of the county—the petition failed to state a cause of action for the relief sought, and the trial court erred in overruling the general demurrers thereto, and in granting the interlocutory injunction prayed for.

*Judgment reversed. All the Justices concur, except Atkinson, P.J., who dissents.*

ATKINSON, Presiding Justice, dissenting. The facts in this case show that some of the merchants returned for ad valorem taxation "notes and accounts" and "stocks of merchandise." Their returns were checked by the tax assessors, filed with the tax collector, and placed upon the tax digest. Subsequently the tax assessors sought to revise and increase the values placed upon these items, and to assess "notes and accounts" and "stocks of merchandise" some of which had not been returned at all.

Since the act of 1943 (Ga. L. 1943, p. 243), which amended Code Chapter 92-67, where the tax authorities have assessed property for the year involved, and no arbitration is demanded by the taxpayer, the value thus set by the authorities upon the same property is fixed for that year. Of course, where the taxpayer fails to return an item of taxable property, he becomes a tax defaulter as to that item.

Where a "stock of goods, merchandise, and wares" or "notes and accounts" are returned and assessed by the tax authorities, there can be no additional assessment on these items.

834

The instant case, in so far as it is predicated on previous decisions in reference to "notes and accounts," is not controlled by the decision in *Douglas* v. *McCurdy*, 154 *Ga.* 814 (12), or in *Hardin* v. *Reynolds*, 189 *Ga.* 534 (3) as ruled in the majority opinion. Both of those cases were decided under the provisions of § 1087 of the Code of 1910, which required, in returning notes and accounts, that both the "gross value" and the "market value" thereof be returned. But when this section was codified in the Code of 1933, § 92-6215, it was changed so as to require only that the return show the "value" thereof. Under the Code of 1910, it was mandatory that both the gross value and the market value be returned; and where less than the gross value was returned, it was held to be an omission to return the difference for taxation. But, under the Code of 1933, there is no requirement that the gross value be returned, but only the value of all the notes and accounts.

Nor should what was said in the above cases as to "money" control the instant case. Money is an item with a definite and certain value; and where a person returns for taxation an amount of money less than he has, he is a defaulter as to the difference, because there can be no discretion exercised as to its value. Where he fails to return the full amount of money, he would be a defaulter as to the balance.

Under the present law, stocks of merchandise should be treated as a single item or unit for taxation; and where a return thereof is made, the authorities may, as provided by law, question the accuracy of the value placed thereon by the taxpayer and make their own assessment; but it can not be said that the taxpayer has failed to make a return of that particular item of his property, or that, because his value placed thereon was too small, he was a defaulter as to the difference.

It seems to the writer that properties subject to taxation, such as "notes and accounts," "stock of goods," "farm implements," and "household and kitchen furniture," are single composite items or units to be returned for taxation. And when returned, the right of the tax assessors to question the value of such items is limited to June 1 of each year as provided in Code (Ann. Supp.) § 92-6917. When so returned the taxpayer is not afterwards subject to proceedings against him as a tax defaulter under Code § 92-6601 et seq.

Unless the foregoing is a proper construction of the law as to the requirements of a taxpayer in making his ad valorem tax return, then each taxpayer would be required to return an itemized statement of every article he owned which was subject to taxation, in order to determine and be protected as to the amount of tax due that year, and also to prevent his ad valorem tax liability being held in abeyance for a period of seven years.

No. 17033. April 10, 1950. Rehearing denied May 11, 1950.

*Steve Schalasny, A. M. Zellner,* and *Hugh D. Sosebee,* for plaintiffs.

*Spalding, Sibley, Troutman & Kelley,* for persons at interest. *Williams & Freeman* and *W. B. Mitchell,* for defendants.