THE STATE v. C. F. RAY.

*" Scalpers "—Railroad Ticket Brokers—Statute—Indictment.*

The statute, ch. 290, § 1, Laws 1891, declaring that it shall be unlawful for any person except the duly authorized agents of railroad companies to sell or deal in railroad tickets is directed against such unauthorized persons as engage in the business of buying and selling tickets; and therefore where the indictment charged and the proof showed only the sale of one ticket, the sale did not come within the mischief sought to be remedied.

This was an INDICTMENT, tried at October Term, 1891, of BUNCOMBE Criminal Court, *Carter, J.*, presiding.

The indictment charges that the defendant " did, on the first day of September, 1891, and on other days both before and since said date, unlawfully and wilfully sell to one A. M. Smith, of the county and State aforesaid, a certain railroad ticket issued by a railroad company, to-wit, the Pennsylvania Railroad Company, he, the said C. F. Ray, not being a duly authorized agent of said railroad company, and without having exhibited his authority to sell said ticket, contrary to the form of the statute," etc.

The defendant pleaded not guilty, and on the trial the jury rendered a special verdict, the material part of which is as follows:

" C. F. Ray, the defendant above named, did, on the first day of September, 1891, wilfully sell to one A. M. Smith a certain railroad ticket issued by a railroad company, to-wit, the Pennsylvania Railroad Company, the said Ray not being a duly authorized agent of said railroad company and not having exhibited his authority to sell said ticket."

Thereupon, the Court adjudged that the defendant was guilty, and gave judgment against him, from which he appealed to this Court.

The defendant excepted upon the following, as well as other grounds:

" 1. It is not alleged or found that the defendant sold or dealt in railroad tickets, but simply that he sold a single railroad ticket.

2. That the defendant is not guilty upon the indictment and special verdict."

*The Attorney General* and *Mr. F. H. Busbee*, for the State. *Mr. F. A. Sondley*, for defendant.

MERRIMON, C. J.: The defendant is indicted for a violation of the statute (Acts 1891, ch. 290, § 1) which prescribes " that it shall be unlawful for any person to sell or deal in tickets issued by any railroad company unless he is a duly authorized agent of said railroad company, and it shall be the duty of said agent to exhibit his authority to sell or deal in said tickets, and the com'pany whose agent he is shall be responsible for his acts as such agent. . That any violation of this law shall be a misdemeanor."

The important words that limit and define the grievance thus prohibited are " to sell or deal in tickets issued by any railroad company." These words imply not simply the sale of a single such ticket as a person may have or obtain not of purpose to sell the same, but the practice or business of selling such tickets for others, or buying and selling them as is ordinarily done by " ticket dealers or ticket brokers." If the purpose had been to forbid the sale of a single ticket that a person might have and could not use himself, the appropriate terms used would have been, " no person shall sell any ticket issued by a railroad company," or " it shall be unlawful for any person to sell any ticket issued," etc., or the like broad and sweeping terms. The phrases, " to sell tickets, to deal in tickets," imply, in business parlance, the business of selling or buying and selling such tickets; they imply not particulars—simply a sale—but a multiplicity of such sales in the sense of a business. The buying and selling of tickets issued by railroad companies to persons traveling over their roads by " ticket dealers " is a common and serious grievance to such companies, and the purpose of the statute is to remedy that evil. It does not extend to the simple sale of a ticket an individual may happen to have that he cannot use. Such sale does not come within the mischief to be remedied.

That the statute (§§ 2, 3) requires such companies " to redeem the unused portions " of certain classes of such tickets, does

not extend or enlarge the meaning, and the purpose of the section above interpreted. This requisite is intended simply to provide and facilitate a measure of justice and fair-dealing between such companies and passengers over their respective roads. The scope and purpose of a penal statute cannot be enlarged by mere implication. Such purpose must appear by its terms or necessary implication.

In this case the indictment fails to charge the offence prescribed and defined by the statute. It charges the sale of a single ticket, and fails to charge that the defendant sold or bought and sold, or dealt in such tickets, as a business, as it should have done. The special verdict of the jury is in harmony with the imperfect indictment. The Court ought, therefore, to have adjudged that the defendant was not guilty, and that he go without day. The judgment must be reversed, and judgment entered in favor of the defendant as indicated.

Error.

NOTE.—*State* v. *Clarke* (appeal from the Criminal Court of Buncombe County) presented the same question, and was disposed of in same manner.