### THEUS *v.* THE STATE.

One who comes into this State and employs on his own behalf laborers to work for him outside this State is not an "emigrant agent" within the meaning of the law imposing a tax upon such agents.

Argued October 21, — Decided November 6, 1901.

Accusation of misdemeanor.　Before Judge Bower.　City court of Bainbridge.　June term, 1901.

As to what constitutes being engaged in or doing business so as to make the business or occupation subject to taxation, see *Kimmel* v. *Americus*, 105 *Ga.* 694; *Weaver* v. *State*, 89 *Ga.* 639; 25 Am. & Eng. Enc. L. (1st ed.) 486; 5 Am. & Eng. Enc. L. (2d ed.) 72; State *v.* Ray (N. C.), and notes, 14 L. R. A. 529; In re Houston (U. S. C. C.), Id. 719; State *v.* Morehead (S. C.), 26 L. R. A. 585; Bryant *v.* State, 46 Ala. 302 ; Espy *v.* State, 47 Ala. 538; U. S. *v.* Fisk, 70 U. S. 445; Warren *v.* Shook, 91 U. S. 711.

*Donalson & Fleming* and *W. O. Mulkey*, for plaintiff in error.
*Albert H. Russell, solicitor*, contra.

Lewis, J.  The plaintiff in error was tried in the city court of Bainbridge, upon an accusation charging that on a named day he " did engage in hiring laborers in this State, to be employed beyond the limits of the same, without going before the ordinary of said [Decatur] county and registering his name and place of business as required by law."  There was no attempt to contradict the witnesses for the State, who swore that the defendant had hired two negro laborers in Decatur county to go to his farm in Alabama and work turpentine for him, and had attempted to hire others for the same purpose.  There was no evidence that he was engaged in the business of an emigrant agent, or that he had acted for any person other than himself in hiring the laborers whom he secured and attempted to secure.  On this evidence the jury returned a verdict of guilty.  The defendant's motion for a new trial was overruled, and he excepted.

In the case of *Williams* v. *Fears*, 110 *Ga.* 584, will be found an exhaustive and able discussion of the meaning of the term " emigrant agent" as used in the general tax act of 1898, under which the accusation in this case was brought.  An emigrant agent was there defined as "a person engaged in hiring laborers in this State, to be employed beyond the limits of the same."  See also, to the same effect, *Varner* v. *State*, 110 *Ga.* 596.  To be engaged in a work, in the sense contemplated by acts imposing taxation, would seem to necessarily imply that the person so engaged must make that work his business or occupation.  Giving the language this construction, which we think is not only fair but necessary, the plaintiff in error was not shown to have been " engaged " in hiring laborers in this State to be employed beyond the limits of the same. It is not claimed that he was an agent at all, nor that he made the hiring of laborers in any sense his business or occupation.  The legislative enactment imposing a tax upon emigrant agents and providing a penalty for the failure to register and pay such tax was clearly intended to apply to persons who, as agents of others, make it their business to hire laborers in this State to be sent beyond the limits of the State and there employed by others.  To extend its application to a resident of another State who, being in this State, incidentally employs laborers on his own behalf to work for him beyond the limits of this State, would be entirely unwarranted.  It follows from the foregoing that the verdict finding the defendant

guilty was contrary to law and the evidence, and should have been set aside on motion for new trial.

> ·*Judgment reversed.    All the Justices concurring.*