## WHITE *v.* SIKES.

1. A petition which contains a prayer for specific performance and general relief will not, under the clause for general relief, authorize the grant of any relief which is not germane to the prayer for specific performance.
2. An executory contract for the sale of land by an infant is voidable at his election upon his attainment of majority.
(*a*) The rule existing under the Civil Code, § 3650, which authorizes an infant to make a binding contract in connection with the business in which he may be engaged, by permission of his parent or guardian, as an adult, is not applicable to a single transaction for the sale of land.
(*b*) Where an infant enters into an executory contract for the sale of land, receives the purchase-price and expends the same, and, after his attainment of majority, has neither the money nor other property in which the same may have been invested, the mere fact of his omission, upon arriving at majority, to tender back the purchase-money will not amount to a ratification of the contract nor prevent an election to disaffirm the sale.
(*c*) A declaration in a suit for specific performance of a contract for the sale of land, which shows affirmatively that the contract was made and the purchase-price paid while the defendant was a minor, and that the defendant, before attaining majority, had expended the money in such way as that he did not have the money or any property in which the money may have been invested, after arriving at majority, is subject to general demurrer upon the ground that the declaration shows upon its face such facts as would defeat the plaintiff's right to specific performance of the contract.

Submitted June 4,—Decided November 15, 1907.

Petition for specific performance.   Before Judge Rawlings. Tattnall superior court.   October 9, 1906.

This was a petition praying for the specific performance of a contract for the sale of land, which the judge dismissed, on oral

motion, upon the ground that no cause of action was set forth. It appears that Victoria E. Sikes was the owner of a tract of land which she conveyed to her minor son, James Clifford Sikes, the defendant in the present case. The deed is in the ordinary form of a conveyance in fee simple with warranty, except that immediately following the name of the grantee in the granting clause appear these words: "Except privilege of control and management until such time as he may be made competent by law, said property for the time being to be managed and controlled by the said Victoria E. Sikes." While the defendant was still a minor, with his mother, he approached White, the plaintiff, and a request was made by them of White that he purchase the land in order that the defendant might use the purchase-money to educate himself as a dental surgeon. The purchase-price of the land was agreed upon, which was at the rate of $3 per acre, the acreage to be determined by a survey which was afterwards made and the exact acreage found to be 367 acres. The defendant and his mother united in a bond for titles, delivered to the plaintiff, and accompanying this bond for titles was a written statement by the mother that the defendant would be of full age on a named date, which was about nine months after the date of the transaction, and that he was then a free trader, doing business in his own name, and that she was unable to furnish him with the money necessary to finish his professional education, and a sale of the land was necessary for that purpose. The petition charges that with the consent of the mother the defendant collected the purchase-money of the land and appropriated it to the payment of his expenses while in attendance upon a dental college. On the very day that the defendant arrived at age he wrote the plaintiff a letter in which he refused to make a deed in compliance with the bond, giving as his reason that he was a minor at the time that the bond was executed; and it is alleged that he still refuses to make the deed. It is also alleged that the purchase-price of the land was reasonable and was the full value of the land at the time of the sale. The plaintiff averred his willingness to do and perform any and all acts that equity and good conscience required him to do; and he prayed a decree that the defendant be required to execute and deliver a warranty deed in accordance with his bond; and for general relief.

*J. P. Moore* and *W. T. Burkhalter,* for plaintiff.

*Isaiah Beasley* and *James K. Hines,* for defendant.

ATKINSON, J.   The only prayers in the petition are for specific performance and general relief.   Hence the only relief that can be granted under this petition would be that connected with the specific prayer.   See *Sapp* v. *Williamson,* 128 *Ga.* 743, 58 S. E. 451.   It is therefore only to be determined whether under the allegations of the petition the plaintiff was entitled to a decree for specific performance of the contract contained in the bond for titles.   This was a mere executory contract of the infant.   The contracts of an infant are voidable, except for necessaries.   Civil Code, § 3648.   If an infant, by permission of his parent or guardian, or by permission of law, engages in any business as an adult, he is bound for all the contracts connected with the business.   Civil Code, § 3650.   But a mere single transaction by an infant does not constitute him one engaged in a business.   If an infant, with the consent of a parent, were engaged in the business of buying and selling real estate, and there were no question about the fact that such was his occupation, he would be unquestionably bound by the contracts relating to that business; but that is not this case.   The infant was engaged in no business whatever.   As far as can be determined from the averments of the petition, he was at home with his mother.   He was desirous of obtaining a professional education to fit him for business, but he was at the time engaged in no business.   The contract in question was simply one isolated transaction not connected with any occupation or business whatever.   *Southern Cotton Oil Co.* v. *Dukes,* 121 *Ga.* 788 (7).

But it is said that the law declares that if an infant receives property, or other valuable consideration, and after arrival at age retains possession of such property or enjoys the proceeds of such valuable consideration, this is such a ratification of the contract as will bind him.   Civil Code, § 3648.   If an infant makes a contract, either executory or executed, and receives the consideration in whole or in part during his minority and disposes of the same before his majority, either by losing, expending, or squandering it, this is nothing more than the law anticipates of him, and he will not be required to make any tender of the amount so disposed of before repudiating the contract which he made during his infancy.

*Southern Cotton Oil Co.* v. *Dukes,* 121 *Ga.* 788 (5). But if, upon arrival at majority, he has in his possession either the exact consideration that he received during infancy or any substantial part of the same, or property which is purchased with such consideration, that is, if he has then anything of a substantial nature into which can be traced the proceeds of the contract made during his infancy, then neither law, equity, nor good conscience will permit him to repudiate his contract and retain that which is the fruits of the contract. But it must appear that the infant after attaining majority, retains possession and control of something which is tangible, which has become his property as a result of his having used the consideration paid to him under the contract made while he was an infant. If he expends the amount in the purchase of food and the food is consumed, the principle alluded to would have no application; and so, if he used the land in the purchase of an education, which is a thing of value in a sense, but is intangible, the principle would have no application. 2 Warvelle on Vendors (2d ed.), §860. Under the averments of the petition, the infant was not required to make any tender as a condition to his repudiating the contract on his arrival at his majority. It distinctly appears from the averments of the petition that he had none of the money that he had received; for it is alleged that he had expended all of it. There is no allegation that he had in his possession any property which was purchased with the money which had been paid to him. It is true that it is alleged that the money was expended by the infant in taking a course in a dental college; but what he acquired in this way was not property within the meaning of the rule requiring that he should pay back the value of the property which he had acquired as a result of the contract. It may be that the education thus received would be of value to him, but it is not a thing of value within the ordinary meaning of that term, and the law does not require him to estimate its value and tender the amount of the estimate thus made. See, in this connection, *Timmerman* v. *Stanley,* 123 *Ga.* 850. Under no view of the case was the plaintiff entitled to a decree for specific performance, and the court did not err in dismissing the case for the reason that no cause of action was set forth.

　　*Judgment affirmed.　　All the Justices concur, except Holden, J., who did not preside.*