### 16377.   LICHTENSTEIN *v.* THE STATE.

Where, under the provisions of the act approved Aug. 15, 1923, and the act amendatory thereof approved Aug. 16, 1924, which provide for the levy of a tax upon dealers in cigars and cigarettes, a person is indicted for selling cigarettes at retail without paying the tax required by these acts, and where the evidence shows only one sale, and there is no evidence that the accused at any other time ever offered to sell at retail, or that he intended to engage in selling at retail, the evidence is not sufficient to support a conviction.

DECIDED JUNE 9, 1925.

Violating cigarette-stamp tax law; from Fulton superior court—
Judge E. D. Thomas. February 28, 1925.

*Samuel L. Eplan, Morris Macks, G. B. Tidwell,* for plaintiff in
error.

*John A. Boykin,* solicitor-general, *E. A. Stephens, Ralph H.
Pharr,* contra.

BLOODWORTH, J. The defendant and Mrs. E. Lichtenstein and
A. Lichtenstein were indicted for a violation of the act approved
August 15, 1923, and the act amendatory thereof approved August
16, 1924, in that they "did sell at .retail one carton Chesterfield
cigarettes without having attached to said carton and to the pack-
age contained therein the revenue stamp as provided by" the
aforesaid acts, the payment of which tax "is required by law to
be evidenced by the attachment to the carton, package and other
containers the stamps herein referred to." The indictment alleges
also that "Mrs. E. Lichtenstein and A. Lichtenstein are the owners
and proprietors of the business doing business under the firm
name of E. Lichtenstein & Company, and Bennie Lichtenstein
being employed as clerk for said firm, and having actually made
the sale." A. Lichtenstein was convicted, a motion for a new
trial was overruled, and he excepted.

Section 1 (a) of the act approved Aug. 15, 1923 (Ga. L. 1923,
p. 39), is as follows: "There shall be levied upon and collected
from each person, firm or corporation, engaged in selling cigar-
ettes and cigars at retail, a tax of ten per centum of the sales
price at retail of each package of cigarettes and each cigar sold
by such dealer." It will be noted that this section imposes a tax
upon "each person, firm or corporation engaged in selling cigarettes
and cigars at retail." The act approved August 16, 1924 (Ga. L.
1924, p. 26, sec. 1), defines a dealer at retail "to be any person,
firm or corporation engaged in the business of selling such articles
directly to the consumer or for any other purpose than that of re-
sale irrespective of the quantity that may be sold." Before .a
person can be legally convicted under the indictment charging
the violation of these statutes two things must be shown: (1) that
the accused was engaged in the business of selling cigarettes and
cigars "directly to the consumer or for any other purpose than
that of resale;" (2) that he has not paid the tax as required by
the act of 1923 and complied with section 1-b of said act as to

the stamps named therein. The accused insists that he was not engaged in the business of selling at retail. The evidence reveals a single sale only, and it is really not necessary to look beyond the charge of the court to determine whether or not a single sale would be *engaging in the business of selling at retail.* The court charged the jury that "the doing of a single act pertaining to a particular business will not be considered engaging in or carrying on the business; yet a series of such acts would be so considered." This court in *Williams* v. *City of Tifton,* 3 *Ga. App.* 445 (2) (60 S. E. 113), held: "Ordinarily it takes more than a single transaction to constitute the carrying on of business." See *Kimmel* v. *Mayor &c. of Americus,* 105 *Ga.* 694 (2), 697 (2) (31 S. E. 623). Among the cases in other jurisdictions which support the conclusion we have reached are the following: La Norris v. State, 13 Tex. App. 43 (44 Am. Rep. 699); Keller v. State, 123 Ala. 94 (2) (26 So. 323); State v. Morehead, 42 S. C. 215 (20 S. E. 544, 26 L. R. A. 585, 46 Am. St. Rep. 719); State v. Ray, 109 N. C. 736 (14 S. E. 83, 24 L. R. A. 529); U. S. v. Feigelstock, 14 Blatch. 322. See also Words & Phrases, Vol. 1, pp. 979-81.

As only one sale was shown, and this was an unbroken carton of cigarettes which was sold at the wholesale price, and there was no evidence that at any other time the accused offered to sell at retail, or that he intended to engage in the business of selling at retail, the evidence failed to show a violation of the law. As a new trial must result from this ruling, it is unnecessary to consider the other allegations of error.

*Judgment reversed. Broyles, C. J., and Luke, J., concur.*