## CHAMBERS v. PLANTERS BANK.

Where property levied on is sold in accordance with the provisions of the Civil Code of 1910, § 6068 et seq., regulating the sale of personal property of a perishable nature, the sale divests all liens on the property sold, and the liens so divested attach to the money raised by the sale.

No. 5060.   JANUARY 13, 1926.

Question certified by Court of Appeals (Case No. 16222).

*P. D. Rich,* for plaintiff in error.   *H. G. Rawls,* contra.

BECK, P. J.   The Court of Appeals has propounded the following question to this court: "Where personal property is levied upon in pursuance of a duly recorded fi. fa. issued upon a common-

---

Executions 23 C. J. pp. 697, n. 60; 767, n. 61.

law judgment, and is sold in accordance with the provisions of the Civil Code (1910), §§ 6068, 6069, does such sale operate to divest the lien of a mortgage on the property and to transfer such lien to the proceeds of the sale, where the property was live stock, such as a mule, and where the mortgage was a superior lien upon the property, having been duly executed and duly recorded prior to the judgment, and where the mortgagee was not a party to the proceedings which resulted in the 'short-order' sale, and had no notice of such proceedings or of the sale until after the sale had been consummated, and did not seek to participate in the funds arising from the sale, and did nothing amounting to a waiver of his rights under the mortgage, but subsequently to such sale sought to enforce the mortgage by a foreclosure of the same on the property covered thereby?"

The answer to this question, under the rulings made in prior decisions by this court, must be in the affirmative. That is, the sale, in accordance with the sections of the Code referred to above, operated to divest the lien of the mortgage and transfer the lien to the proceeds of the sale, although the mortgage was a superior lien upon the property and had been duly executed and recorded prior to the common-law judgment. In the case of *Davis* v. *Peagler,* 21 *Ga. App.* 778 (95 S. E. 268), it was said: "Where property levied on is sold in accordance with the provisions of the Civil Code of 1910, § 6068 et seq., regulating the sale of personal property of a perishable nature, the sale divests all liens on the property sold, and the liens so divested attach to the money raised by the sale. *Welsh* v. *Lewis,* 71 *Ga.* 387; *Cincinnati Cordage etc. Co.* v. *Dodson Printers' Supply Co.,* 131 *Ga.* 516 (62 S. E. 810)." The property in controversy in the case of *Davis* v. *Peagler* was, as in the present case, a mule, and the cases cited by the writer of the opinion in that case sustain the decision there rendered. See also *Pickard* v. *Garrett,* 141 *Ga.* 831 (82 S. E. 251). The question submitted, in view of the language of the statute under the provisions of which the sale was had, is not entirely free from difficulty; but in view of the ruling made in the case of *Davis* v. *Peagler* and the decisions of this court upon which it was founded, the question must receive the answer which we have given above.

*All the Justices concur.*