## WHITSON *v.* CITY OF ATLANTA.

ATKINSON, J. 1. "When a petition contains some averments which are appropriate to a legal cause of action and the prayers of the same call for equitable relief only, the court upon general demurrer will decide whether the petition as a whole authorizes the equitable relief prayed for; and if it does not, the demurrer will be sustained, notwithstanding there may be averments in the petition which as against a general demurrer might constitute a legal cause of action." *Steed* v. *Savage,* 115 *Ga.* 97 (2) (41 S. E. 272) ; *Sapp* v. *Williamson,* 128 *Ga.* 743, 753 (58 S. E. 447) ; *White* v. *Sikes,* 129 *Ga.* 508 (59 S. E. 228, 121 Am. St. R. 228) ; *Rosenkrantz* v. *Chattahoochee Brick Co.,* 147 *Ga.* 730 (2) (95 S. E. 225).

2. Where the relation of landlord and tenant exists, a summary remedy is provided by statute for evicting the tenant on account of failure to pay rent or for holding over beyond his term. Civil Code, § 5385. In such cases the tenant is afforded a remedy at law, which is generally adequate, by filing a counter-affidavit denying that the rent claimed is due or that he is holding over beyond his term and giving bond. Civil Code, § 5387; *Hall* v. *Holmes,* 42 *Ga.* 179; *Huff* v. *Markham,* 70 *Ga.* 284 (2) ; s. c., 71 *Ga.* 555; *Johnson* v. *Thrower,* 117 *Ga.* 1007 (44 S. E. 846) ; *White* v. *Lawrence,* 133 *Ga.* 528, 538 (61 S. E. 171) ; *Weaver* v. *Roberson,* 134 *Ga.* 149 (2) (57 S. E. 662).

3. In the instant case there is no allegation of insolvency of the landlord. or of any attempt to remove the tenant forcibly or without resort to the courts. In these circumstances equity will not afford its extraordinary remedy by injunction on the account of an apprehension by the tenant of an unauthorized eviction by the landlord.

4. Nor do the allegations make a proper case for injunctive relief under application of the provisions in the Civil Code, § 5493: "Equity will not interfere to restrain a trespass, unless the injury is irreparable in damages, or the trespasser is insolvent, or there exist other circumstances which, in the discretion of the court, render the interposition of this

writ necessary and proper, among which shall be the avoidance of circuity and multiplicity of actions."

5. The judge did not err in sustaining the general demurrer and in dismissing the action.    *Judgment affirmed.*    *All the Justices concur.*

No. 9361.    SEPTEMBER 14, 1933.

668

*Roy S. Drennan,* for plaintiff.
*Mayson, Winn & Savage,* for defendant.