23798.   STATE REVENUE COMMISSION *v.* RICH.

JENKINS, P. J.   1. The State Revenue Commission, under article 7, section 80, of the State Government reorganization act of 1931 (Ga. L. 1931, pp. 32, 33; 1932 Ga. Supp. § 257 [92]), is expressly "empowered to issue a writ of fieri facias bearing teste in the name of the Chairman of the . . Commission," and directed in the manner provided by the instant execution, "in the case of any tax due the State or any tax assessed by the State Revenue Commission, whether specifically provided for in the act levying the tax or not." Consequently, even though the sales-tax act of August 29, 1929 (Ga. L. 1929, pp. 103-117), itself contains no express authority for the collection of its taxes by an execution, but merely provides that they "may be collected by action in debt or assumpsit, or other appropriate judicial proceeding, which remedy shall be in addition to all other existing remedies," any doubt as to the power of the commission to issue an execution for such taxes was resolved by the reorganization act of 1931. The form and recitals of the instant execution were sufficient under the law.

2. Although section 26 of the tax act of 1929, providing for gross receipts taxes, stipulates that it shall "continue in force until the 31st day of December, 1931, and shall expire upon said date," it also provides that "no person or company shall be relieved from the taxes accruing under this act for the tax year or the taxable year, 1931, or any part thereof." This provision did not relieve a defaulting person as to those taxes which had already accrued under the act prior to December 31, 1931, or invalidate an execution therefor, although it was not issued until March 10, 1932.

3. While the evidence in the instant case indicated that the defaulting person was actively engaged in the particular business taxed under the act of 1929 no longer than from February 13, 1931, the date on which he acquired his automobile agency and took possession of the property levied upon together with other property, until the loss of such property by foreclosure of a bill of sale to secure debt in July, 1931, there was no pleading or evidence attacking or questioning his liability for the tax at least during the period from February 13, 1931, to March, 31,

1931, the end of the period for which the tax was claimed in the execution, and nothing to show that the amount claimed by the commission did not accrue while the defendant in execution was thus actively in business.

4. Not only does section 16 of the sales-tax act of 1929 expressly make the tax imposed "a lien upon the property of any person subject to the provisions hereof who shall sell out his business or stock of goods, or shall quit business," and require that his successor shall "withhold sufficient of the purchase-money to cover the amount of said taxes due and unpaid until such time as the former owner shall produce a receipt from the tax commissioner showing that the taxes have been paid," and that the purchaser shall be personally liable for such taxes, or he "shall withhold purchase-money as above provided;" but the controlling general tax law of the State, embodied in sections 1140, 1141, 3329 and 3333 of the Civil Code (1910), renders a claim for taxes legally due to the State under the sales-tax act of 1929 a first lien against the property, which remains "always subject." In this case, such a lien was effective against the property levied upon, used in the business of the defendant in execution, the claimant who subsequently purchased such property testifying that he could not "produce a tax receipt from the State tax commissioner to show that the taxes on that property had been paid" under the sales-tax act.

5. The contention that the lien of the State was divested from the property by the foreclosure sale under court order, in accordance with sections 6068 and 6069 of the Civil Code, is without merit. While it is true that, where property is sold pursuant to these sections, regulating the sale of personal property of a perishable nature or expensive to keep, the short-order sale divests liens on the property, and they attach to the proceeds of such sale (*Chambers* v. *Planters Bank*, 161 *Ga.* 535, 536, 131 S. E. 280; *Welsh* v. *Lewis*, 71 *Ga.* 387; *Cincinnati Cordage Co.* v. *Dodson Printers Supply Co.*, 131 *Ga.* 516, 62 S. E. 810; *Pickard* v. *Garrett*, 141 *Ga.* 831, 82 S. E. 251; *Davis* v. *Peagler*, 21 *Ga. App.* 778, 95 S. E. 268), this rule will not affect property covered by a tax lien of the State, which, under code-section 1140, is "always subject," and "a sale" of which under "any other process," by section 1141, "does not divest the lien of the State for taxes." See *Empire Cotton-Oil Co.* v. *Park*, 147 *Ga.* 618 (95 S. E. 216); *Stokes* v. *State*, 46 *Ga.* 412 (12 Am. R. 588). Moreover, the instant record fails to indicate any order of the court for a short sale under sections 6068 and 6069, such as it is contended was made.

6. Under the recent controlling decision of the Supreme Court in *Atlanta Trust Co.* v. *Atlanta Realty Cor.*, 177 *Ga.* 581, 585, 586 (170 S. E. 791), the lien of the State against the property for the taxes claimed was superior to the rights of the claimant as purchaser of the property at a judicial sale under a bill of sale to secure a debt, even though such instrument was executed and recorded prior to the accrual of such taxes. In *Atkinson* v. *Brunswick Balke-Collender Co.*, 144 *Ga.* 694 (87 S. E. 891), the tax sought to be collected was merely an occupation tax, under former section 928 of the Civil Code, now repealed, and not upon prop-

erty, and there was a contract of conditional sale reserving the title in the vendor until payment of the purchase-price of the goods by the purchaser, so that title had never at any time vested in the defendant in execution. Where the tax and instrument were of that particular character, and the tax act contained no provision as in the sales-tax act of 1929 for the imposition and continuance of the State's lien against the property even after a sale, the title of the vendor under conditional sale was held superior to the right of the purchaser at a sale under the tax execution. See also *Shumate* v. *McLendon*, 120 *Ga.* 396, 400 (48 S. E. 10).

7. In view of the foregoing holdings, it was error to refuse a new trial to the State Revenue Commission.

*Judgment reversed.* *Stephens and Sutton, JJ., concur.*

Decided June 19, 1934.

*M. J. Yeomans, attorney-general, H. G. Bell, J. T. Goree, B. D. Murphy,* for plaintiff.

*J. C. Hale,* contra.