24927. FULTON METAL BED MANUFACTURING COMPANY *v.* STATE REVENUE COMMISSION *et al.*

DECIDED NOVEMBER 18, 1935.

*Burress & Dillard,* for plaintiff in error.
M. J. Yeomans, attorney-general, B. D. Murphy, contra.

SUTTON, J. 1. The State of Georgia, by legislative enactment (Acts 1927, p. 76, Acts 1929, p. 67, Acts Ex. Sess. 1931, p. 86), imposed "upon every person, firm, or corporation engaged in manufacturing, buying and/or selling at wholesale, and/or dealing in as a broker, of lumber in any of its forms or classes, cooperage materials, veneer, handles, furniture, flooring, cabinet work, boxes, wood-building material, shingles, laths, crates and/or materials therefor made of wood, whether for themselves or as agents or brokers, in or near cities of 1000 inhabitants and not more than 10,000, $10.00; in or near cities of more than 10,000 and not more than 20,000 inhabitants, $50.00; in or near cities of more than 20,000 inhabitants, $100.00 for each place of business," providing therein that "All sawmills, planing-mills, sash, door, blind, and/or millwork manufacturers, cooperage plants, handle and crate factories, veneer mills and plants, furniture factories, store and bank-fixture factories, cabinet works, manufacturers of box shooks or cuttings of any description, wood automobile parts, stairs, wood golf sticks and blanks, wood baseball bats and blanks, wood wagon and cart material, moulding or trim made of wood, and factories making bobbins, spools, spindles, or frames of wood or any other articles made completely of wood or lumber, shall be considered as engaged in 'manufacturing' as above defined." Code of 1933, § 92-901. The cardinal rule in the construction of legislative enactments is to ascertain their true intention. Under the plain and manifest intention of the General Assembly, as appears from the special wording and context of this tax statute, it refers to and makes subject to the tax manufacturers and dealers in furniture made of lumber or wood, and does not impose the tax on manufacturers and dealers in metal beds and other metal articles of furniture. In addition to the language used in this statute, as quoted above, which refers to wood and wooden articles so many times, the headings of paragraph 66 in the Acts of 1927, 1929, and 1931, begin "Lumber Dealers" and "Manufacturers of, wholesale dealers and brokers in forest products, timber, lumber." Division number 2 of the above statute relates to number 1, and designates what mills, plants, factories, and manufacturers shall be considered as engaged in "manufacturing;" and specifies what shall be considered as engaged in "buying and/or selling at wholesale and/or dealing in as a broker."

2. No construction should be given to a statute against its plain and obvious meaning. *McLeod* v. *Burroughs, 9 Ga.* 213; *Ezekiel* v. *Dixon, 3 Ga.* 146. "Statutes : . levying duties or taxes upon subjects or citizens are to be construed most strongly against the government and in favor of their subjects or citizens, and their provisions are not to be extended, by implication, beyond the clear import of the language used; revenue laws are neither remedial statutes nor laws founded upon any permanent public policy, and are not, therefore, to be liberally construed; and hence, whenever there is a just doubt, that doubt should absolve the taxpayer from his burden." *Mystyle Hosiery Shops, Inc.* v. *Harrison,* 171 *Ga.* 430, 431 (155 S. E. 765), and cit.

3. The State Revenue Commission is expressly empowered by statute to issue a tax fi. fa. bearing test in the name of its chairman. Acts 1931, pp. 32, 33; *State Revenue Commission* v. *Rich,* 49 *Ga. App.* 271 (175 S. E. 394).

4. Applying the above rulings, the judge erred in dismissing the affidavit of illegality and in entering judgment finding the property of the defendant in fi. fa. subject to the tax imposed.

*Judgment reversed. Jenkins, P. J., and Stephens, J., concur.*