34737. NOVAK *v.* REDWINE, Commissioner.

DECIDED JANUARY 21, 1954—ADHERED TO ON REHEARING MARCH 9, 1954.

*Abraham J. Walcoff,* for plaintiff in error.

*J. Lundie Smith, B. Lamar Tillman,* for amicus curiae.

*Eugene Cook, Attorney-General, Geo. E. Sims, Jr., Assistant Attorney-General,* contra.

QUILLIAN, J. The sole question here is whether a casual and isolated sale made by a seller not engaged in the business of selling tangible personal property at retail is taxable under the Retailers' and Consumers' Sales and Use Tax Act (Ga. L. 1951, p. 360; Code, Ann. Supp., Ch. 92-34A). The various sections of this act will here be referred to, for convenience, as presently codified in the Cumulative Supplement of our Code. Section 92-3402a reads in part as follows: "There is hereby levied and imposed, in addition to all other taxes of every kind now imposed by law, a privilege or license tax upon every person who engages in the business of selling tangible personal property at retail in this state." Section 92-3403a contains the following definitions: "A. 'Person' includes any individual, firm, copartnership, cooperative non-profit membership corporation, joint adventure, association, corporation, estate, trust, business trust, receiver, syndicate or other group or combination acting as a unit, body politic, or political subdivision, whether public or private, or quasi-public, and the plural as well as the singular number. . . C. 'Retail sale' or a 'Sale at retail' means: (1) a sale to a consumer or to any person for any purpose other than for resale in the form of tangible personal property. . . J. 'Business' includes any activity engaged in by any person, or caused to be engaged in by him, with the object of gain, benefit, or advantage, either direct or indirect. K. 'Retailer' means and includes every person engaged in the business of making sales at retail, or for distribution, or use, or consumption, or storage to be used or consumed in this state. . . M. 'Tangible personal property' means and includes personal property, which may be seen, weighed, measured, felt, or touched, or is in any other manner perceptible to the senses."

Under these definitions, the plaintiff in error is liable for a 3% sales tax on his bakery stock and fixtures plus interest, in the amount of $104.85 if he engaged in the activity of selling personal property for purposes other than resale as an activity the object of which was gain, benefit, or advantage to himself. It is the contention of counsel for the Revenue Department that the definition of "business" as "any activity engaged in by any person . . . with the object of gain, benefit, or advantage" so limits the term, "every person who engages in the business of selling," as to make it applicable to a single casual or isolated transaction not connected with one's trade or business generally. Nevertheless, the definition of the word "business" as stated in the act is closely identifiable with the definition of the word which is given by Black's Law Dictionary as "that which occupies the time, attention, and labor of men for the purpose of a livelihood or profit," and which is the commonly accepted meaning of the term. The definition of "business" as stated in the statute does not say "any *act* engaged in for gain," but rather "any *activity*." Webster's New International Dictionary lists as synonyms of *activity* the words *occupation* and *business*. Accordingly, no definitive distinction can be drawn between the definition of *business* as used in the statute, and that of its common and accepted meaning.

Further, revenue statutes are to be construed strictly so as to resolve doubt in favor of the taxpayer, and their meaning is not to be extended by implication. *Redwine* v. *U. S. Tobacco Co.,* 209 *Ga.* 725 (75 S. E. 2d 556) ; *Publix-Lucas Theaters* v. *City of Brunswick,* 206 *Ga.* 206 (56 S. E. 2d 254) ; *Fulton Metal Bed Mfg. Co.* v. *State Revenue Commission,* 52 *Ga. App.* 159 (182 S. E. 803) ; *City of Savannah* v. *Hartridge,* 8 *Ga.* 23. Under this rule, any doubt as to whether the definition of the word "business" as "any activity engaged in" was meant to narrow the word down to include a single transaction, instead of its ordinary meaning of continuity of transactions, should be resolved in favor of the taxpayer.

A further rule of construction, that the statute is to be taken as a whole, tends to support this proposition. Under Code (Ann. Supp.) § 92-3422a, any dealer liable for any tax under the act, who shall sell out or quit the business, is to make a final return

as of the date of selling out the business, and the purchaser shall withhold such tax from the purchase money or be "liable for the payment of the taxes, interest and penalties accruing and unpaid *on account of the operation of the business.*" Under § 92-3424a, it is declared to be the intention of the act to tax gross proceeds of leases and rentals of tangible personal property where the same are "part of the *regularly established business.*" Section 92-3444a requires that every person who desires "to engage in or conduct business as a seller in this State," shall apply for a certificate of registration for each place of business. Under § 92-3404a, a dealer is one who "sells at retail . . . tangible personal property as defined in this Chapter"; and, under § 92-3403a K, a retailer "means and includes every person engaged in the business of making sales at retail." From the act itself, therefore, the intention is clear that it is the gross proceeds from retail sales carried on as a business or occupation which is designed to be taxed. This conforms to the general rule of law that the words "engage in business" imply an element of continuity or habitual practice. Supreme Malt Products *v.* United States, 153 Fed. 2d 5 (1). It is well established in this State that the doing of a single act pertaining to a particular business is not ordinarily the equivalent of engaging in or carrying on a business. *Lichtenstein* v. *State,* 34 *Ga. App.* 138 (128 S. E. 704) ; *Southern Cotton Oil Co.* v. *Dukes,* 121 *Ga.* 787 (7) (49 S. E. 788) ; *White* v. *Sikes,* 129 *Ga.* 508 (59 S. E. 228) ; *Theus* v. *State,* 114 *Ga.* 53 (39 S. E. 913) ; *Williams* v. *City of Tifton,* 3 *Ga. App.* 445 (2) (60 S. E. 113) ; *Kimmel* v. *Mayor &c. of Americus,* 105 *Ga.* 694 (2) (31 S. E. 623).

Counsel for the defendant in error point out in their brief that there are marked similarities between the Georgia and Tennessee Sales Tax acts, which indicate that the former was patterned upon the latter, and that the failure of the Georgia act to specifically exclude occasional and isolated sales transactions, which are excluded by the Tennessee act, should be taken as an indication of the intent of the legislature to include such transactions as taxable. In view of the ease with which the definition might have included isolated transactions, if this had been deemed desirable, and in view of the rule of law construing doubtful meanings in favor of the taxpayer, this argument is without merit.

The sale by the plaintiff in error of his bakery fixtures and equipment after he had ceased to do a bakery business, which sale was not a transaction by one engaged in the business of buying and selling bakery fixtures and equipment, was not taxable, and the trial court erred in sustaining the general demurrer to the petition seeking a refund of the amount of tax levied and collected by the defendant in error.

*Judgment reversed. Felton, C.J., and Nichols, J., concur.*