37063. WILLIAMS, Revenue Commissioner v. SUWANEE LONGLEAF MANUFACTURING COMPANY.

DECIDED MARCH 19, 1958—REHEARING DENIED APRIL 3, 1958.

*Eugene Cook, Attorney-General, Ben F. Johnson, Jr., Hugh Gibert, Deputy Assistant Attorneys-General,* for plaintiff in error.
*Brannen, Clark & Hester, Edwin A. Friedman, H. Sol Clark, Alston, Sibley, Miller, Spann & Shackelford, Henry J. Miller, James E. Thomas,* for parties at interest not parties to record.
*B. Lamar Tillman,* contra.

FELTON, Chief Judge. The pertinent provisions of the Georgia Retailers' and Consumers' Sales and Use Tax Act (Ga. L. 1951, pp. 360-387), as amended, will be referred to as published in the Georgia Code Annotated, for ready reference. The Act provides, "There is hereby levied and imposed, in addition to all other taxes of every kind now imposed by law, a privilege or license tax upon every person who engages in the business of selling tangible personal property at retail in this State, or who rents or furnishes any of the things or services taxable under this Chapter, or who stores for use or consumption in this State any item or article of tangible personal property as defined herein or who leases or rents such property within the State of Georgia, the same to be collected in the amount to be determined by the application of the following rates against gross sales, to wit: (a) At the rate of three percent of the sales price of each item or article of tangible personal property when sold at retail in this State; the tax to be computed on gross sales for the purpose of remitting the amount of tax due the State, and to include each and every retail sale or amount of taxes collected whichever be the greater. (b) At the rate of three percent of the cost price of each item or article of tangible personal property when the same is not sold but is used, consumed, distributed, or stored for use or consumption in this State; provided there shall be no duplication of this tax." Code (Ann.) § 92-3402a (a) and (b). (The above is quoted from sections 2(a) and 2(b) of the Act.)

The Commissioner contends that the Act, in form, imposes *two* taxes, that section 2(b) above is the basic tax to which the sales tax is auxiliary or ancillary; that section 2(b) imposes a tax on all use of tangible personal property within the State, except such as is specifically exempted; that if paid by a purchaser at the time of a retail sale as a sales tax the use tax is satisfied; that if not so paid the use tax is still owed; that if the use tax is paid to a casual seller who had no obligation to collect it, but who did collect and remit it to the State, it is still held in payment of the tax imposed by section 2(b). One question has already been decided by this court in *Novak* v. *Redwine,* 89 *Ga. App.* 755 (81 S. E. 2d 222), that there is not a sales tax levied by our sales and use tax on a casual, isolated sale in Georgia. That brings us to the question whether the use tax applies to a casual

or isolated sale within the State. In that case the tax was levied as a sales tax upon the seller. The *Novak* decision means, and we reaffirm the ruling, that Section 2(a) above levies a *retail sales* tax on sales of tangible personal property made within the State. Section 2(a) is the primary levy on retail sales in Georgia. Section 2(b) is a use levy made on the use of property not sold in Georgia. Since the property in this case was sold in Georgia we do not have for decision what kind of a sale outside the State, if any, has to precede a use in this State. We think that the word "sold" in Section 2(b) is modified by the words "in this State". On the face of the two sections there is no basic use levy and an exemption of property sold at retail in Georgia on which a sales tax is paid. In the first place we do not think any law-making body would go about levying a general use tax and making such an exemption in such a circuitous manner. In the second place if the legislature intended to tax a casual and isolated sale, it seems to us that it would have taxed all sales of tangible personal property made in Georgia rather than exempt casual and isolated sales in Georgia from the *sales* tax and make them subject to a *use* tax. Section 2(b) is an independent use tax, separate and distinct from Section 2(a) and Section 2(b) is not an exemption from sales tax of sales covered in Section 2(a). To treat 2(b) as such an exemption from 2(a) and then treat 2(b) as a levy of a use tax on transactions so exempted seems to us a far less reasonable choice. But treating Section 2(b) as an exemption, the exemption must be construed to be purposeful and the intent must be held to be that a casual and isolated sale made in Georgia is exempt from both sales and use tax. Union Portland Cement Co. *v.* State Tax Commission, 110 Utah 152 (176 Pac. 2d 879); Geneva Steel Co. *v.* State Tax Commission, 116 Utah 170 (209 Pac. 2d 208). Section 2(b) is a levy supplementary to Section 2(a) and levies a tax on things not covered by Section 2(a). Otherwise Section 2(b) would not be completely supplementary to Section 2(a) and would not levy a use tax on all transactions not covered by Section 2(a), as we have held to be the intention of the legislature, but would levy a use tax on non-retail sales made in Georgia. As we construe the act, as a whole, the intent was not to levy a primary use tax and exempt transactions involving sales at retail in

Georgia and to provide the exemption exclusively as a collection device. In answer to some of the Commissioner's contentions, the definition of the word "use" in the Act defining the word as meaning and including the exercise of any right or power over tangible personal property incident to the ownership thereof, except that it shall not include the sale at retail of that property in regular course of business, does not mean that any sale in Georgia besides a retail sale must be considered a use of the property which is taxable. The words "not sold", in Section 2 (b), should be construed to mean "not sold in this State" as stated. Section 4 (Code, Ann., § 92-3405a) is not applicable in this discussion because it refers to property imported into Georgia. The property involved in this case, as stated before, was not imported into Georgia. Section 11 (Code, Ann., § 92-3413a) and Ga. L. 1953, Nov.-Dec. Sess., pp. 378, 379, simply provide against retroactive effects of the sales and use tax law. The amendment to the act in 1953 (Ga. L. 1953, Jan.-Feb. Sess., p. 152; Code, Ann., § 92-3403a C 2 (k)) which reads: "The taxes levied by this Act shall not apply to sales, transfers or exchanges of tangible personal property made as a result of a business reorganization, provided the owner, owners, partner or stockholders of the business being reorganized maintain the same proportionate interest or share in the newly formed business reorganization," was probably intended to prevent evasions of the sales and use tax, where due, by the guise of a reorganization. It is not evidence that the act amended was a general use tax. If we are wrong about this, the act preceded the *Novak* and *Dyson* decisions and is not indicative of the meaning attached to it by the Commissioner. The question whether the act might be unconstitutional as discriminatory as giving an exemption to use after a casual sale while taxing a use after a retail sale will not be discussed at length. We have not held that there is an exemption, but if that is the effect of the act the classification seems reasonable for several reasons, the principal ones of which are the matters of difficulty of enforcement and prosecution of unsuspecting persons. See Miller Bros. Co. *v.* State of Maryland, 347 U. S. 340 (74 Sup. Ct. 535, 98 L. ed. 744). The courts of almost all States which have considered the question have held under statutes similar to ours that casual and isolated sales

within the State are not subject to any tax under the sales and use tax statutes.

The court did not err in overruling the demurrer to the petition.

*Judgment affirmed.   Quillian and Nichols, JJ., concur.*