48900. STATE FARM FIRE & CASUALTY COMPANY
et al. v. THIGPEN et al.

Deen, Judge.

This appeal is brought from the denial of summary judgment motions of State Farm Fire & Casualty Co., and Georgia Farm Bureau Mutual Insurance Co. in a declaratory judgment action, both of whom argue that Davis (defendant in the underlying tort suit), who collided with Thigpen (plaintiff) while driving Cooper's automobile to road test a fuel pump repair, was conducting an "automobile business" within the exclusions[1] both of Davis' own policy with State Farm and Cooper's policy with Georgia Farm Bureau.

Two recent decisions of this court: *Haley v. State*

---

[1] The State Farm exclusion read as follows: "This insurance does not apply. . . to a non-owned automobile . . . while maintained or used by any person while such person is employed or otherwise engaged in an automobile business of the insured or of any other person or organization. . . ."

The Georgia Farm Bureau exclusion read as follows: "This policy does not apply. . . to an owned automobile while used by any person while such person is employed or otherwise engaged in the automobile business . . ." Both policies defined "automobile business" as "the business or occupation of selling, leasing, repairing, servicing, storing or parking of automobiles," except that the Georgia Farm Bureau policy omitted "leasing."

*Farm Mutual Ins. Co.,* 130 Ga. App. 258 (202 SE2d 838) and *U. S. Fidelity &c. Co. v. Boyette,* 129 Ga. App. 843 (201 SE2d 660), have discussed the automobile business exclusion in some detail. Further discussion of the exclusion in general terms is not required. Our concern is whether an "automobile business" exists on a record which shows the following facts: Davis had been retired for about ten years from an automobile garage business he had formerly owned; he continued to do work as a mechanic on the automobiles of friends, doing his work out in the street in front of his house; in recent times the frequency of these repairs had diminished and he estimated he presently worked on fewer than one car per month; he had worked on Cooper's car on previous occasions after his retirement; Cooper always paid him something for these repairs but Davis never charged very much; Cooper brought him the car on this occasion to replace the fuel pump; Cooper provided the fuel pump; Davis had replaced it and was driving the car primarily to test the repair at the time of the collision, though he was also using the trip to run a personal errand; Cooper acquiesced in his test driving the car following repair jobs; following the collision Davis repaired some damage to the car without charge; Cooper had not yet paid for the fuel pump repair.

The exclusion clause refers to nonowned automobiles used by another "while such person is employed or otherwise engaged in an automobile business" meaning "the business or occupation of selling, leasing, repairing, servicing, storing or parking of automobiles." Was the appellant engaged in the *business or occupation of repairing automobiles*? The evidence shows that at one time he had had such a business in which he occupied himself; he sold it; he had no facilities for working on automobiles, no garage, grease rack, etc., "just a little hand tool box," he did not work on cars for the public generally but for his friends "because I wasn't making nothing out of it, it wasn't the money proposition, it was just friends that come by, you know, like that." He did not work on so much as one car per month.

"Occasional minor repairs made to a car by a friend do not bring the automobile into the category of use in

the automobile business, although the policy definition of business includes the 'repairing' of automobiles. Under the policies excluding coverage of automobiles 'used in the automobile business,' it has been held that one who was formerly employed as an automobile mechanic, but now repaired cars for friends at his home as a hobby and without charge for labor, was not engaged in the automobile business, and the exception did not apply." 13 Couch, Insurance 2d § 45:973, p. 24 (1965). The same commentator notes that the mere fact that one who has undertaken the repair for hire is an individual and not an establishment does not render a similar exclusion inapplicable. Id., § 45:985.

Similarly, "The repair shop or garage need not, of course, be a corporation nor be advertised as such. An individual in that business is likewise precluded from recovery. . . [But] if such person or place of business is not engaged in that enterprise regularly, but merely undertakes one specific task for the insured, or does not otherwise fall within the policy exception the better rule would seem to be that such use is covered by the omnibus clause." 7 Appleman, Insurance Law and Practice, § 4372, p. 345 (1962).

"In the absence of a clear showing [in the policy] to the contrary, it must be assumed that the word automobile 'business' as used in the exclusionary clause means business in the ordinary accepted sense — that is an undertaking engaged in with some regularity and for profit and income." Cherot v. U. S. Fidelity &c. Co., 264 F2d 767, 769 (71 ALR2d 959). "[O]rdinarily the word 'business' is that which occupies the time, attention, and labor of men for the purpose of a livelihood or profit." Snow v. Johnston, 197 Ga. 146, 156 (28 SE2d 270). Black's Law Dictionary further defines occupation as that "which principally takes up one's time, thought, and energies; especially, one's regular business or employment; also whatever one follows as the means of making a livelihood. . . employment in which one regularly engages or vocation of his life." "This conforms to the general rule of law that the words 'engage in business' imply an element of continuity or habitual practice. . . the doing of a single act pertaining to a particular business is not

ordinarily the equivalent of engaging in or carrying on a business. *Lichtenstein v. State,* 34 Ga. App. 138 (128 SE 704); *Southern Cotton Oil Co. v. Dukes,* 121 Ga. 787 (7) (49 SE 788); *White v. Sikes,* 129 Ga. 508 (59 SE 228); *Theus v. State,* 114 Ga. 53 (39 SE 913); *Williams v. City of Tifton,* 3 Ga. App. 445 (2) (60 SE 113); *Kimmel v. Mayor &c. of Americus,* 105 Ga. 694 (2) (31 SE 623)." *Redwine v. Novak,* 89 Ga. App. 755 (81 SE2d 222).

Under the facts of this case the trial court correctly denied the motion for summary judgment.

*Judgment affirmed. Stolz and Webb, JJ., concur.*

Argued January 16, 1974 — Decided April 4, 1974 — Rehearing denied April 18, 1974.

*Miller, Beckmann & Simpson, Luhr G.C. Beckmann, Jr., William H. Pinson, Jr., Sharpe, Hartley & Newton, W. Ward Newton,* for appellants.

*Paul W. Calhoun, Jr.,* for appellees.