25834. SIMPSON et al. v. TATE et al.

ARGUED JUNE 8, 1970—DECIDED JULY 9, 1970.

*G. Hughel Harrison, James W. Garner*, for appellants.
*Shoob, McLain & Jessee, Jerry T. Hinson*, for appellees.

GRICE, Justice. This is an appeal from the grant of a summary judgment in favor of the purchasers of real estate. The controversy is whether a garage apartment building located on the property passed by the sale. Litigation ensued when the seller, Ollie O. Simpson III, and Mr. and Mrs. Harry Nesbit, to whom he had allegedly given the building, filed in the Superior Court of Gwinnett County their complaint against the purchasers, Carolyn M. Tate and Bennie M. Tate.

The complaint alleged in substance the following: that as a condition of the sale the building was specifically reserved from the property sold; that pursuant to the agreement of reservation the Nesbits obtained title to the building by a gift from Simpson; that the Nesbits were allowed a reasonable time to remove the building to an adjoining tract of land; that, subsequently, notwithstanding the reservation, the Tates asserted ownership of the building and refused to allow the Nesbits to remove it. The complaint prayed that the Tates be enjoined and restrained from interfering with the removal of the building.

The answer of the Tates denied the essential allegations of the complaint; admitted that they are asserting ownership to the building and have refused to allow the Nesbits to remove it; asserted that the Tates are the owners in fee simple of the land and the building thereon, as evidenced by a certain warranty deed attached, that the Nesbits have no interest in the building, that the deed under which the Tates claim is the highest and best evidence of title to the real estate in the warranty deed and that any attempt to modify it by a contemporaneous oral agreement is invalid; and alleged that if such contemporaneous oral agreement did modify the written contract of the parties the Nesbits are precluded from maintaining any claim to the building because of their failure to comply with the condition precedent of removal of the building within the time specified.

In their counterclaim, the Tates sought a monetary judgment for rent of the building since the sale of the property.

Thereafter the Tates made a motion for summary judgment, which was granted. The appeal is from that judgment.

In our view, grant of the Tates' motion for summary judgment was proper.

■ The alleged contemporaneous oral agreement as to reservation of the building by the grantor Simpson cannot be shown.

What was stated in *Smith v. Odom,* 63 Ga. 499, 502, is decisive as to this issue: "Realty, or real estate, includes all lands and the buildings thereon. . . Where there is a conveyance of land by deed, containing no reservations as to the buildings, a parol understanding that the vendor retains the ownership of

the houses, with the right to enter and remove them, is certainly inconsistent with the deed. Such a stipulation ought to find a place in the instrument, or in some collateral writing. If left out by mistake, the mistake ought to be properly pleaded and fully proved. In the present case, the parol evidence touching the houses was in the very teeth of the writing and ought to have been excluded."

■ There is no merit in the contention that an issue of fact is made by evidence that the building had been given to the Nesbits by Simpson before the closing of the sale of the land to the Tates, thus eliminating any question as to whether the building passed under the deed from Simpson to the Tates.

Until severed from the land, the building was a part of the realty. *Code* §§ 85-102, 85-105. Therefore, it was subject to the principles of law regarding parol gifts of land, one of which is that "a parol gift of land, though accompanied by possession with the consent of the donor, is not sufficient to vest title thereto in the donee, and to divest the donor of title thereto. In such a case the title still remains in the donor or his heirs." *Doe v. Newton,* 171 Ga. 418, 423 (156 SE 25). Thus, even if a parol gift of the building were shown here, it would not prevent the building passing under the deed.

*Judgment affirmed. All the Justices concur.*