75615, 75616. FAYETTE COUNTY BOARD OF TAX ASSESSORS v. GEORGIA UTILITIES COMPANY; and vice versa.
(368 SE2d 326)

CARLEY, Judge.

In 1986, the Fayette County Board of Tax Assessors (Board) discovered that certain real property upon which Georgia Utilities Company (GUC) had been paying taxes as unimproved property had, in fact, been improved in 1981. As the result of this discovery, the Board issued to GUC new notices of higher assessments on the property for the tax years 1981 through 1985. These notices reflected the additional value of the improvements to the real property for each year in question. GUC appealed to the Fayette County Board of Tax Equalization and, following a hearing, the new assessments were affirmed. GUC then appealed to the Superior Court of Fayette County. Cross-motions for summary judgment were filed. The superior court granted GUC's motion and denied the Board's motion as to the tax years 1981 through 1984. As to the 1985 tax year, however, the trial court denied GUC's motion, ruling that Ga. L. 1985, p. 1350 et seq., which enacted existing OCGA § 48-2-49, authorized the Board to make a reassessment of the realty for that year. In Case Number 75615, the Board appeals from the superior court's grant of partial summary judgment to GUC for tax years 1981 through 1984 and from the denial of its

motion for summary judgment. In Case Number 75616, GUC cross-appeals from the superior court's denial of its motion for summary judgment as to tax year 1985.

## Case No. 75615

1. The superior court held that, prior to the enactment of existing OCGA § 48-2-49 in 1985, the Board had no authority to undertake the reassessment of real property after its initial assessment of the realty had been made and the taxpayer had paid the taxes based upon that initial assessment. The Board enumerates this holding as error.

The Board cites no statute which expressly authorized it to reassess real property after its initial assessment has been made and the taxes have been paid by the taxpayer in accordance therewith. Although the Board relies upon former OCGA § 48-2-49 as such authority, the superior court correctly held that that provision conferred authority only upon the State Revenue Commissioner. Former OCGA § 48-2-49 provided: "In the absence of fraud, no assessment shall be redetermined under *Code Section 48-2-48* after the expiration of two years from the last date upon which the return could be filed without delinquency by the taxpayer under the law. In any case in which any report, return, or other information contains a fraudulent statement or omission of material facts which makes the taxpayer's return or report a fraudulent representation of the items or things required therein, *the commissioner* may reopen the case and make additional assessments of taxes or license fees at any time within seven years of the return or report." (Emphasis supplied.) OCGA § 48-2-48, the provision to which former OCGA § 48-2-49 made specific reference, is by its own terms, expressly limited in applicability to reassessments that are made by the State Revenue Commissioner. Therefore, it is clear, from *both* sentences of former OCGA § 48-2-49, that that provision was not intended to have any applicability to reassessments which were made by the Board. The Board has no entitlement to claim the right to exercise an authority which a revenue statute expressly confers only upon the State Revenue Commissioner. "[R]evenue statutes are to be construed strictly so as to resolve doubt in favor of the taxpayer, and their meaning is not to be extended by implication. [Cits.]" *Novak v. Redwine,* 89 Ga. App. 755, 757 (81 SE2d 222) (1954). See also *Mousetrap of Atlanta v. Blackmon,* 129 Ga. App. 805 (201 SE2d 300) (1973).

The Board also relies upon *Garr v. E. W. Banks Co.,* 206 Ga. 831 (59 SE2d 400) (1950). In *Garr,* the taxpayer had *omitted* from his return some $30,000 of the $40,000 in *personal* property which was subject to taxation and had paid taxes based only upon the $10,000 of

personal property he had returned. The holding in *Garr* is not that, under these circumstances, the county board of tax assessors was statutorily authorized to *reassess* the value of the taxpayer's personal property. All that the Supreme Court held in *Garr* was that the county board was authorized, under the circumstances, to make a belated assessment of the $30,000 in personal property which had *never* been returned by the taxpayer. Unlike *Garr*, the present case concerns neither the taxation of personal property nor the taxation of any property which was *never* returned for taxes. GUC returned the real property every year, but GUC simply continued to return it as unimproved property even after the improvements had been made. Under our law, real property includes not only the land but all improvements thereon. See OCGA § 44-1-2; *Simpson v. Tate*, 226 Ga. 558, 559 (1) (176 SE2d 62) (1970). Thus, unlike items of personalty, the realty and the improvements thereon cannot be separated from each other. Inasmuch as the land and the improvements thereon would constitute one item of property, the Board in this case therefore seeks to *reassess* GUC's realty as improved property, rather than to make an initial assessment of property improperly omitted from an original return. Accordingly, *Garr* is factually and legally distinguishable. It follows that the statutes upon which that case was decided would not constitute explicit authority for the Board to reassess the same realty after having previously assessed and collected taxes thereon.

The Board also relies upon *Barland Co. v. Bartow County Bd. of Tax Assessors*, 176 Ga. App. 798 (338 SE2d 16) (1985) as authority for its reassessment of GUC's property. However, *Barland Co.*, supra at 799 (1), simply holds "that the board was empowered by OCGA § 48-5-299 (a) to issue a new assessment notice to correct the *obvious and undisputed clerical error* which occurred when the original valuation figure was entered into the computer." (Emphasis supplied.) This court explicitly limited its holding to instances of clerical error in an assessment, as distinguished from instances of reassessment. "The tax assessors in [the *Barland Co.* case were] not . . . seeking to collect additional taxes on the basis of a totally new appraisal of the value of the property but [were] seeking instead merely to correct a clerical error which occurred in reporting the original valuation figure to the taxpayer." *Barland Co. v. Bartow County Bd. of Tax Assessors*, supra at 800. In contrast, the Board in the present case *is* seeking to collect additional taxes on the basis of a totally new appraisal of the value of GUC's realty as improved property. Accordingly, OCGA § 48-5-299, as construed in *Barland Co.*, supra, is not authority for the Board's reassessments in the present case.

Thus, the Board has cited no explicit authority for it to make a reassessment of GUC's realty for the tax years of 1981 through 1984.

We have found none. Neither the superior court nor this court is authorized to construe a revenue statute so as to confer an authority upon the Board by implication. See *Novak v. Redwine*, supra; *Mousetrap of Atlanta v. Blackmon*, supra. It follows that the superior court correctly granted summary judgment in favor of GUC for those tax years. However, we would note that our holding relates only to county boards and that it should not be construed as addressing the scope of the authority of any other revenue official, including but not limited to the State Revenue Commissioner.

### Case No. 75616

2. In the cross-appeal, GUC enumerates as error the superior court's ruling that existing OCGA § 48-2-49 did authorize the Board to reassess the real property for 1985 taxes.

As we have held in Division 1 of this opinion, former OCGA § 48-2-49 conferred authority solely upon the State Revenue Commissioner. Although the wording is different from the former provision, there is nothing in the language of existing OCGA § 48-2-49 which can be said to constitute an explicit grant of authority to *the Board* to reassess real property under the circumstances which exist in this case. As noted previously, revenue statutes are to be construed strictly so as to resolve doubt in favor of the taxpayer and the meaning of such statutes is not to be extended by implication. See *Novak v. Redwine*, supra; *Mousetrap of Atlanta v. Blackmon*, supra. Moreover, the enactment of existing OCGA § 48-2-49 is only one of several amendments to Title 48 which were effectuated by Ga. L. 1985, p. 1350 et seq. "It is an elementary rule of statutory construction that a statute must be construed in relation to other statutes of which it is a part, and all statutes relating to the same subject-matter, briefly called statutes 'in pari materia,' are construed together, and harmonized wherever possible, so as to ascertain the legislative intendment and give effect thereto. It is simply the duty of this court in interpreting the statutes now under consideration to look diligently for the intention of the legislature, keeping in view at all times the old law, the evil, and the remedy. [Cit.]" *Ryan v. Commrs. of Chatham County*, 203 Ga. 730, 731-732 (1) (48 SE2d 86) (1948). See also *Morgan v. Woodard*, 253 Ga. 751 (325 SE2d 369) (1985). From the tenor of all of those amendments to Title 48 which were enacted by the 1985 statute, it would appear that the intent of the 1985 enactment was not to confer any authority upon the Board, but merely to clarify and standardize the statutes of limitation applicable to the assessment of additional taxes by the *State Commissioner of Revenue*. See 37 Mercer L. Rev. 361-364 (1985).

Accordingly, existing OCGA § 48-2-49 can constitute controlling

authority in this case only if the usual rules of statutory construction have no applicability here. However, no reason has been presented for removing this case from the usual rules of statutory construction. Therefore, the superior court erred in construing existing OCGA § 48-2-49 as constituting the implicit grant of authority to the Board to make reassessments of 1985 taxes on realty, and erred in failing to construe existing OCGA § 48-2-49 in pari materia with the other provisions of Ga. L. 1985, p. 1350 et seq.

It follows that the superior court erred in denying GUC's motion for summary judgment as to the 1985 tax year. If the Board is to have the authority to reassess realty under the circumstances which exist here, it is the legislature which must confer that authority. Neither the superior court nor this court is authorized to construe existing OCGA § 48-2-49 as the implicit grant of that authority. However, we would again note that our holding in this regard relates only to county boards and to no other revenue official, including but not limited to the State Revenue Commissioner.

*Judgment affirmed in Case Number 75615. Judgment reversed in Case Number 75616. Banke, P. J., and Benham, J., concur.*

DECIDED MARCH 3, 1988 —
REHEARING DENIED APRIL 1, 1988 —

*William R. McNally, R. Mark Mahler,* for appellant.
*Nolan C. Leake, Sandra E. Strippoli,* for appellee.