A93A2412. BROWN v. FRANKLIN COUNTY SCHOOL
DISTRICT et al.
(445 SE2d 360)

Judge Harold R. Banke.

In 1989, 1990, and 1991, the State Revenue Commissioner disapproved the ad valorem tax digests of Franklin County. In 1991, the county authorities entered into a consent agreement with the Commissioner, pursuant to which the county was to revise its 1992 digest and submit it for approval by October 20, 1992. The digest, however, was not completed until March or April 1993.

The appellant taxpayer commenced this action against Franklin County, the Franklin County School District, the Franklin County Board of Tax Assessors, and the Franklin County Tax Commissioner, seeking a declaration that the county could not levy 1992 ad valorem taxes during 1993. The Franklin County School District filed a counterclaim seeking to enjoin the appellant from interfering with the levy and collection of such taxes. The trial court granted judgment for the appellees on the appellant's petition, and also held for the school district on its counterclaim. This appeal followed.

1. In *Fayette County Bd. of Tax Assessors v. Ga. Utilities Co.,* 186 Ga. App. 723 (368 SE2d 326) (1988), the county board of tax assessors reassessed certain real property for the five previous tax years, after discovering that it had been erroneously assessed (and taxes had been collected) as unimproved property during that period of time. This court found no authority for the county board to make such a reassessment.

The appellant contends that under *Fayette,* the Franklin County Board of Tax Assessors had no authority to reassess his property in 1993 for the 1992 tax year. However, the instant case involves the *initial* assessment of property taxes for the 1992 tax year, rather than a reassessment, and *Fayette* is inapposite here.

The fact that the initial assessment took place after the year in which the taxes would normally be due is of no consequence here. OCGA § 48-5-302 generally requires a county board of tax assessors to complete its revision and assessment of returns by June 1 of each year, but that provision is merely directory, and a county board has "power and authority to perform and complete any of its official duties after that date." *Sauls v. Winters*, 215 Ga. 515, 517 (111 SE2d 41) (1959). Accordingly, the trial court properly concluded that the appellees were authorized to levy and collect the ad valorem taxes for 1992.

2. In 1992, the county government filed a petition seeking temporary collection of taxes pursuant to OCGA § 48-5-310 but voluntarily dismissed it, after deciding to delay collection of the taxes until the new tax digest was completed. The appellant contends that the appellees thereby forfeited the right to collect the 1992 property taxes. However, as found by the trial court, nothing in OCGA § 48-5-310 establishes that procedure as a prerequisite for collecting property taxes following the approval of the digest or resolution of a tax appeal.

3. In light of the above holdings, the appellant's remaining enumerations of error concerning the injunctive relief granted the school district and the refusal to certify the action as a class action need not be addressed.

*Judgment affirmed. Birdsong, P. J., and Blackburn, J., concur.*

DECIDED JUNE 22, 1994.

*Proctor & Associates, Robert J. Proctor*, for appellant.

*Andrew J. Hill, Jr., Heard, Leverett, Phelps, Weaver & Campbell, E. Freemen Leverett, Milford & Milford, C. Patrick Milford*, for appellees.