A95A1691. FULTON COUNTY BOARD OF TAX ASSESSORS
v. DEAN.
(464 SE2d 257)

POPE, Presiding Judge.

Plaintiff/appellee Larry Dean is the owner of property located at 5100 Old Alabama Road in Alpharetta, Fulton County, Georgia ("the property"). In April 1992, Calvin L. Cates III, an appraiser with the defendant/appellant Fulton County Board of Tax Assessors (Board), visited the property to conduct an appraisal to be used to assess 1993 ad valorem taxes. At that time, Cates placed a code on the field record card for the property that indicated that the property needed to be revisited prior to December 31, 1992, because certain improvements on the property were incomplete. However, the data processing

---

clerk omitted this code when the information from the card was entered into the computer, and the property was not revisited.

On March 5, 1993, the Board issued a tax assessment notice to Dean valuing the property at $3,465,900 for 1993 ad valorem tax purposes. Dean did not appeal this notice, and taxes were paid on the property based on this assessment. However, in September 1993, the Board sent Dean a second notice, valuing the property at $25,002,400 for 1993 tax purposes. Dean filed an appeal from this second assessment to the Fulton County Board of Equalization, and following a hearing, the Board upheld the $25,002,400 valuation of the property. Dean appealed this decision to the superior court, and both parties filed motions for summary judgment. This appeal is from the superior court's order denying the Board's motion for summary judgment and granting summary judgment to Dean.

In granting summary judgment to Dean, the trial court found this case to be controlled by our holding in *Fayette County Bd. of Tax Assessors v. Ga. Utilities Co.*, 186 Ga. App. 723, 725 (1) (368 SE2d 326) (1988) that a county board of tax assessors has no authority to undertake a reappraisal of realty once an assessment has been issued and taxes on the property have been paid for a given tax year. But the Board argues this case is controlled by *Barland Co. v. Bartow County Bd. of Tax Assessors*, 176 Ga. App. 798 (338 SE2d 16) (1985), which allows a county board of tax assessors to revise an assessment to correct "an obvious and undisputed" clerical error. Id. at 799. Applying *Barland Co.*, the Board argues that a reassessment was authorized in this case to correct the error of the processing clerk in failing to enter the code in the computer which would have caused the property to be revisited prior to the issuance of the 1993 assessment. However, as we noted in *Fayette County*, the court in *Barland Co.* limited its holding to "instances of clerical error in an assessment, as distinguished from instances of reassessment. 'The tax assessors in (the *Barland Co.* case were) not . . . seeking to collect additional taxes on the basis of a totally new appraisal of the value of the property but (were) seeking instead merely to correct a clerical error which occurred in reporting the original valuation figure to the taxpayer.' *Barland Co. v. Bartow County Bd. of Tax Assessors*, supra at 800." *Fayette County*, 186 Ga. App. at 725.

Contrary to the argument of the Board, the record in this case clearly demonstrates that the September assessment was the result of a reappraisal of the property. Several of the Board's appraisers testified that after the original assessment was mailed to Dean, it was decided that the original assessment did not accurately reflect the value of the property, and that, although the property was never revisited, the property and improvements should be valued at $25,002,400. "In contrast [to the board in *Barland Co.*,] the Board in the present case

*is* seeking to collect additional taxes on the basis of a totally new appraisal of the value of [Dean's] realty as improved property." (Emphasis in original.) *Fayette County*, 186 Ga. App. at 725. Thus, we agree that *Barland Co.* is not authority for the Board's reassessments in the present case and that the trial court did not err in granting summary judgment to the taxpayer.

*Judgment affirmed. Beasley, C. J., and Ruffin, J., concur.*

DECIDED NOVEMBER 22, 1995 — 

*Thomas A. Cox, Jr.*, for appellant.

*Brenskelle & Perry, David P. Brenskelle, Brock E. Perry*, for appellee.

*Michael J. Bowers*, Attorney General, *Daniel M. Formby*, Assistant Attorney General, *Harold D. Melton, Karen G. Thomas, Stewart, Melvin & Frost, Frank W. Armstrong*, amici curiae.