A03A0879, A03A0889. HORMEL FOOD CORPORATION
v. DEKALB COUNTY BOARD OF TAX ASSESSORS (two cases).
(589 SE2d 836)

JOHNSON, Presiding Judge.

Hormel Food Corporation operates a processing plant and a warehouse in DeKalb County. In May 2000, the DeKalb County Board of Tax Assessors audited Hormel's personal property reports from the plant and warehouse for the 1996 through 1999 tax years. The tax assessors found that Hormel had failed to report more than $28 million in personal property at the two locations over those four years and owed $496,363 in unpaid taxes and penalties. Hormel appealed to the DeKalb County Board of Equalization, which upheld the tax assessors' findings.

Hormel then appealed to superior court, initially challenging the assessments for all four years. But Hormel voluntarily dismissed its appeals as to the assessments for 1998 and 1999. Hormel proceeded with its appeals of the 1996 and 1997 assessments on the sole ground that those assessments are barred by the three-year statute of limitation contained in OCGA § 48-2-49. Hormel and the tax assessors

---

[2] (Citation and punctuation omitted.) Id.
[3] Id.
[4] (Citation omitted.) Id.

filed opposing motions for summary judgment on the statute of limitation issue. The trial court denied Hormel's motion but granted summary judgment to the tax assessors.

Hormel has filed two appeals from the trial court's ruling. Case No. A03A0879 relates to the personal property at the plant while Case No. A03A0889 relates to the property at the warehouse. Because the companion appeals raise the same issue, we shall consider them in a single opinion.

The sole issue raised in the appeals is whether the three-year statute of limitation set forth in OCGA § 48-2-49 bars the assessments, made in 2000, for the 1996 and 1997 tax years. Contrary to Hormel's claims, the time limitation set forth in that Code section is inapplicable to this case and does not bar the assessments.

OCGA § 48-2-49 (b) provides: "Except as otherwise provided by subsection (c) of this Code section or by this title, in the case where a return or report is filed, the amount of any tax imposed by this title shall be assessed within three years after the return or report was filed."[1] The tax assessors assert that this time limitation applies only to the state revenue commissioner and not to county tax boards, noting that it appears in the chapter of the Code governing the administrative organization of the state department of revenue.[2]

Moreover, the tax assessors cite a prior opinion finding that OCGA § 48-2-49 applies only to the state revenue commissioner and not to county tax boards. In that case, this court construed the Code section in relation to other statutes and found the following:

> From the tenor of all of those amendments to Title 48 which were enacted by the 1985 statute, it would appear that the intent of the 1985 enactment was not to confer any authority upon the [Fayette County] Board, but merely to clarify and standardize the statutes of limitation applicable to the assessment of additional taxes by the *State Commissioner of Revenue*.[3]

Moreover, regardless of whether OCGA § 48-2-49 could be construed to apply to a county board of tax assessors, it still would not apply under the circumstances of this case because in 1996 and 1997 Hormel failed to file proper returns or reports of its personal property. Rather, there is a seven-year limitation that applies to the

---

[1] Subsection (c) provides an exception to the three-year limitation in the case of a fraudulent return filed with the intent to evade tax. There is no evidence here that Hormel acted fraudulently with intent to evade tax.

[2] See OCGA § 48-2-1 et seq.

[3] (Citation omitted; emphasis in original.) *Fayette County Bd. of Tax Assessors v. Ga. Utilities Co.*, 186 Ga. App. 723, 726 (2) (368 SE2d 326) (1988).

DeKalb County tax assessors' assessments as to Hormel's personal property for those years.

> It is well-settled that tax assessors may assess unreturned tangible property for ad valorem tax purposes during the applicable seven-year period of limitation. Such power applies to unreturned tangible property or underreturned tangible property and not to realty, because real property is already on the county tax digest at an assessed value and by the tax transfer form, but tangible property will not be on the ad valorem tax digest unless returned by the taxpayer. The county board of tax assessors' power to reassess ad valorem taxes differs between realty and personalty, because personalty can totally escape inclusion on the tax digest absent a reliable return of such personalty, while realty cannot escape inclusion and can be directly appraised by the county board of tax assessors.[4]

That is precisely what happened in this case. The personal property at Hormel's plant and warehouse in 1996 and 1997 escaped taxation because of Hormel's failure to fully report its property. And even though Hormel filed tax returns in those years, the failure to report or the underreporting of personal property is, as to such property, tantamount to filing no return at all. It was not until the tax assessors conducted their audit in 2000 that they discovered all of Hormel's personal property, at which point they had full authority to tax the property.

> [W]hen, within the statute of limitation, an audit uncovers that a taxpayer has undervalued his personalty in a previous year's personal property tax return, the undervalued personalty may be assessed and taxed by the Tax Board. . . . That taxes in the full amount were due five, four, three, and two years ago, and have gone unpaid, is no relaxation of the obligation to pay them. Can it be contended that, because one in [1996 or 1997] undervalued his taxable property, he is thereby released from his obligation to pay full tax thereon? These taxes are just as much due now as they were in the year they were incurred.[5]

---

[4] (Citations and punctuation omitted.) *Cobb County Bd. of Tax Assessors v. Morrison*, 249 Ga. App. 691, 694 (548 SE2d 624) (2001).

[5] (Citation and punctuation omitted.) *Eckerd Corp. v. Coweta County Bd. of Tax Assessors*, 228 Ga. App. 94, 101 (1) (491 SE2d 173) (1997).

Because Hormel failed to file a return or report as to all its personal property in 1996 and 1997, the three-year limitation set forth in OCGA § 48-2-49 is inapplicable to this case. That statute, by its plain terms, applies only in cases where a return or report is filed.[6] Instead, the tax assessors' assessments for those years were well within the seven-year statute of limitation applicable to all county tax executions.[7] Accordingly, the trial court did not err in denying summary judgment to Hormel and granting summary judgment to the tax assessors.

*Judgment affirmed. Eldridge and Mikell, JJ., concur.*

DECIDED NOVEMBER 6, 2003.

*Smith, Gambrell & Russell, Edward H. Wasmuth, Jr., William V. Hearnburg, Jr.,* for appellant.

*Carothers & Mitchell, Richard A. Carothers, Christopher J. Hamilton,* for appellee.