A11A2353. DOUGLAS COUNTY BOARD OF ASSESSORS
v. DENYSE et al.
(723 SE2d 705)

DOYLE, Presiding Judge.

The Douglas County Board of Assessors ("BOA") appeals from the grant of summary judgment to Allen and Jennifer Denyse ("Taxpayers") contending that the trial court erred by ruling that the BOA lacked authority to issue two corrected property tax assessment notices that increased the property's fair market value originally listed for the 2009 tax year. Specifically, the BOA argues

---

that the trial court erred by concluding that (1) the corrected notices were not authorized on the ground that there was a clerical error in the first notice, (2) the first notice was the final assessment and not subject to change, and (3) the BOA is not authorized to issue more than one assessment notice. Based on the record before us, we disagree and affirm.

> Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. OCGA § 9-11-56 (c). A de novo standard of review applies to an appeal from a grant of summary judgment, and we view the evidence, and all reasonable conclusions and inferences drawn from it, in the light most favorable to the nonmovant.[1]

The material facts are undisputed. In 2003, the Taxpayers paid $1,525,000 to purchase a parcel of commercial property approximately nine acres in size located in Douglas County. In 2008, the BOA listed the fair market value of the property as $3,822,332, and the Taxpayers appealed to the Board of Equalization, which set the fair market value at $1,992,500. The BOA appealed that value to the Superior Court, and ultimately, a consent order was entered in July 2010 setting the 2008 value at $2,500,000. The 2008 value is not challenged in this appeal.

Meanwhile, in January 2009, the Taxpayers filed a return on the property and listed the fair market value as $1,767,893. On May 15, 2009, the BOA sent the Taxpayers a tax assessment notice listing the fair market value as $1,992,500 and stating the reason for the value as "Return Made by Taxpayer." Three days later, the BOA sent a second notice valuing the property at $3,814,088, slightly lower than the BOA's original 2008 value, and stating, "Reason: 2008 Value Reinstated Pending Court Decision." Eight days after that, the BOA sent a third notice, again listing the value as $3,814,088, and stating, "Reason: 2008 Value Reinstated Pending Court Decision Correction Notice."

In June 2009, the Taxpayers appealed the 2009 assessment to the Board of Equalization, which found that the property "value did not increase from 2008-2009" and set the 2009 value at $1,992,500. The BOA appealed that value to the superior court, and the Taxpayers moved for summary judgment, which motion was granted on the ground that the BOA lacked the authority to issue multiple notices with differing values except to correct a clerical error. Accordingly, the trial court fixed the 2009 fair market value at

---

[1] *Matjoulis v. Integon Gen. Ins. Corp.*, 226 Ga. App. 459 (1) (486 SE2d 684) (1997).

$1,992,500 as established by the Board of Equalization. The BOA filed this appeal.

1. The BOA contends that the trial court erred by rejecting its argument that the second and third notices were authorized because they merely corrected a clerical error in the original notice. We disagree.

The parties agree that the BOA is "empowered by OCGA § 48-5-299 (a) to issue a new assessment notice to correct [an] obvious and undisputed clerical error."[2] OCGA § 48-5-299 (a) provides:

> It shall be the duty of the county board of tax assessors to investigate diligently and to inquire into the property owned in the county for the purpose of ascertaining what real and personal property is subject to taxation in the county and to require the proper return of the property for taxation. The board shall make such investigation as may be necessary to determine the value of any property upon which for any reason all taxes due the state or the county have not been paid in full as required by law. In all cases where the full amount of taxes due the state or county has not been paid, the board shall assess against the owner, if known, and against the property, if the owner is not known, the full amount of taxes which has accrued and which may not have been paid at any time within the statute of limitations. . . .

Based on this language, this Court held in *Barland Co. v. Bartow County Bd. of Tax Assessors*[3] that county boards of tax assessors have authority to correct obvious clerical errors in a tax notice. In that case, the Court characterized the omission of a digit in the entry of the fair market value as a clerical error and affirmed a superior court's "ruling that the tax assessors were entitled to correct the original assessment notice to make it reflect the value at which the property had actually been appraised."[4] In such cases, corrective notices can be proper, even after the taxpayer has paid the tax bill, when the board is not "seeking to collect additional taxes on the basis of a totally new appraisal of the value of the property but [is] seeking instead merely to correct a clerical error which occurred in reporting the original valuation figure to the taxpayer."[5]

---

[2] *Barland Co. v. Bartow County Bd. of Tax Assessors*, 176 Ga. App. 798, 799 (1) (338 SE2d 16) (1985).

[3] Id.

[4] Id. at 799.

[5] Id. at 800 (1).

Relying on this reasoning, the BOA argues that it had authority to issue the changed notices to revise the fair market value from $1,992,500 to $3,814,088. Taking at face value the stated reason for the change on the second and third notices, i.e., "2008 Value Reinstated Pending Court Decision," the BOA's intent was to reinstate the BOA's original 2008 value for the 2009 tax year while the 2008 value was appealed, instead of using the $1,992,500 value set for 2008 by the Board of Equalization. There was no other explanation offered by the BOA,[6] which produced no evidence in opposition to the Taxpayers' motion for summary judgment. Further, when the BOA appealed the Board of Equalization's valuation, its stated rationale for the appeal was that the $1,992,500 value was "without justification," and the values of other similar properties were inadequately considered. Based on this rationale, we conclude that the BOA's second and third notices were not sent merely to remedy a clerical error. Rather, they were sent to revise the BOA's view of the proper value of the property during a pending appeal of the prior year valuation. This difference in value was not the result of a clerical error, such as the omission of a digit or the transposition of numbers, but it went to the substantive valuation decision made by the BOA. As such, the amended notices were not authorized under the "clerical error" rule identified in cases such as *Barland Co.*, and the trial court did not err in so ruling.

2. The BOA also argues that it is authorized to issue a revised assessment even in the absence of a clerical error, relying on regulations promulgated by the Georgia Department of Revenue, compiled as an "Appraisal Procedures Manual."[7] The Manual provides that "[t]he county board of tax assessors shall require the appraisal staff to observe the procedures in this manual when performing their appraisals. The county board of tax assessors may not adopt local procedures that are in conflict with Georgia law or the procedures required by this manual."[8]

The BOA points to the Manual's definition of "final assessment":

"Final assessment" means the final assessed value that is determined for the property for the applicable tax year after the following events have occurred: the time period for filing appeals has expired and any appeals that have been

---

[6] At oral argument, counsel for the BOA suggested that even a changed interpretation of the BOA's valuation authority could constitute a clerical error.

[7] See *Morton v. Glynn County Bd. of Tax Assessors*, 294 Ga. App. 901, 904 (1) (670 SE2d 528) (2008) (noting promulgation of the manual in Georgia regulations).

[8] Ga. Comp. R. & Regs. r. 560-11-10-.01 (3).

filed have been resolved; the authorities authorized to levy taxes on property in the county have approved the final tax levy; the Revenue Commissioner has authorized that the digest may be used as the basis for collecting taxes; the tax commissioner has mailed the final tax bills based on the authorized digest; and in the case of personal property, the appraisal staff has completed its audit of the personal property pursuant to Rule 560-11-10-.08 (4) (d) within the seven year statute of limitations.[9]

Based on this language, the BOA argues that because an assessment is not "final" until the tax digest has been approved and the final tax bills mailed (or an appeal is resolved), the assessment may be changed at any time until that point. The BOA cites to specific instances in which amended assessments are authorized by the statutory scheme, such as when inspecting a taxpayer's return or following a taxpayer's notice of appeal,[10] and argues that such instances support the conclusion that the original assessment is subject to change for a variety of reasons and for a long period of time. But relying on the aspects of BOA's authority explicit in the statute to infer that it has other authority not expressly stated in the statute is precisely the sort of extension by implication that we must avoid when construing revenue statutes.[11] By the logic urged by the BOA, it could increase an assessment at any point until an appeal has been resolved. While the assessed value is certainly subject to change to reflect the outcome of an appeal, we do not read the Appraisal Manual to authorize the BOA to create its own new reassessment at any time until the assessment is deemed "final." Therefore, the Appraisal Manual is not authority for the revised notices sent by the BOA in this case.

3. Finally, the BOA argues that the trial court erred by ruling that it was not expressly authorized, as a general matter, to issue more than one notice of assessment. It relies on its statutory authorization to

make such investigation as may be necessary to determine the value of any property upon which for any reason all taxes due the state or the county have not been paid in full

---

[9] Ga. Comp. R. & Regs. r. 560-11-10-.02 (1) (i).

[10] See, e.g., OCGA § 48-5-306 (a) (authorizing the board to "meet at any time" to review tax returns); OCGA § 48-5-299 (c) (authorizing certain changes in valuation during an otherwise frozen two year post-appeal period).

[11] See *Fayette County Bd. of Tax Assessors v. Ga. Utilities Co.*, 186 Ga. App. 723, 724 (1) (368 SE2d 326) (1988) (revenue statutes are construed "strictly so as to resolve doubt in favor of the taxpayer") (punctuation omitted).

as required by law. In all cases where the full amount of taxes due the state or county has not been paid, the board shall assess against the owner, if known, and against the property, if the owner is not known, the full amount of taxes which has accrued and which may not have been paid at any time within the statute of limitations.[12]

Thus, if the full amount of taxes has not been paid *as required by law*, the BOA is authorized to take certain action to assess the full unpaid amount that has accrued within the statute of limitations. Nevertheless, despite this language, this Court has held that county boards of assessors are not authorized to change the value of property retroactively based on a reappraisal even if the original appraised value did not accurately reflect improvements made to the property.[13]

For example, in *Fulton County Bd. of Tax Assessors v. Dean*,[14] we addressed a scenario in which the appraisal in the initial tax assessment failed to account for recent improvements on the subject property.[15] The board of tax assessors sent a notice based on the erroneous appraisal, and the taxpayer paid the taxes on that amount.[16] Six months later, in the same year, the board sent a second notice with an increased value to reflect the improvements.[17] We held that the board lacked authority to send the second notice despite the first appraisal's error in overlooking the improvements.[18]

Such cases historically have involved scenarios in which the taxes already have been paid by the taxpayer; thus, the BOA argues that it should be able to amend the initial notice here because it acted quickly, and the taxpayer still had time to appeal. Nevertheless, these facts do not alter the BOA's statutory authority and our previous interpretation thereof. In light of precedent prohibiting retroactive amendments to assessments absent a clerical error or some other lawful basis, and in the absence of clear statutory authority for such amendments, we conclude that the BOA's second and third notices were unauthorized in this case. Therefore, we affirm the trial court's judgment.

*Judgment affirmed. Ellington, C. J., and Miller, J., concur.*

---

[12] OCGA § 48-5-299 (a).

[13] See *Fulton County Bd. of Tax Assessors v. Dean*, 219 Ga. App. 137, 138 (464 SE2d 257) (1995); *Ga. Utilities Co.*, 186 Ga. App. at 725 (1).

[14] *Dean*, 219 Ga. App. at 137.

[15] See id. at 137-138.

[16] See id. at 138.

[17] See id.

[18] See id. at 138-139.

DECIDED FEBRUARY 21, 2012.

*Freeman, Mathis & Gary, Jack R. Hancock, Michelle Y. Terry, Robert A. Kunz*, for appellant.
*Hartley, Rowe & Fowler, Joseph H. Fowler*, for appellees.